1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

FRESNO DIVISION

11
12

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA,** | 1:23-CV-01726-KES-CDB |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| **v.** | Judge: The Honorable Kirk E. Sherriff |
| **EJUICESTEALS.COM, REMON HANNA in his official capacity as Chief Executive Officer, Chief Financial Officer,** | Trial Date: None set<br>Action Filed: December 14, 2023 |
| Defendants. | |

13
14
15
16
17
18
19
20

Plaintiff the People of the State of California brought the above-captioned action,

21

Civil Action No. 1:23-CV-01726-KES-CDB ("**Action**"), against Defendants Ejuicesteals.com

22

and Remon Hanna. The parties in this action will be producing certain documents or disclosing

23

certain information pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure that

24

they may deem to be confidential or sensitive or otherwise inappropriate for disclosure beyond

25

the litigation. The parties object to such production absent appropriate protections for their

26

confidentiality in light of asserted and applicable privileges and/or federal, state and local laws

27

and regulations.

28

1

In order to permit the parties to discover certain such information and documents relevant to the subject matter of this action from adverse parties, the Court hereby enters this Stipulated Protective Order (**"Order"**) pursuant to Federal Rule of Civil Procedure 26(c).

This Order shall protect the parties from disclosure of documents and information, including electronically stored information, protected from disclosure under federal, state and local laws and regulations, including California Evidence Code §§ 1040-1047, Federal Rules of Evidence, and applicable privileges.

1.      When used in this Order, the term:

(a)      "**Action**" means the above-entitled proceeding action, *People of the State of California v. Ejuicesteals.com et. al..*, Civil Action No. 1:23-CV-01726-KES-CDB.

(b)      "**Confidential**" means any Documents, Testimony, or Information, as defined below, which is in the possession of a Designating Party that believes in good faith that such Documents, Testimony, or Information is entitled to confidential treatment under applicable law.

(c)      "**Confidential Materials**" means all Documents, Testimony, and Information, as defined below, designated as "Confidential" pursuant to this Order.

(d)      "**Court**" means any judge to which this Action may be assigned, including court staff.

(e)      "**Designating Party**" shall refer to any party to this Action and any nonparty disclosing or producing Confidential Materials in connection with this Action.

(f)      "**Disclose**," "**Disclosed**," or "**Disclosure**" means to give, make available, or reveal Confidential or Highly Confidential Materials, or any part thereof.

(g)      "**Discovery Material**" shall refer to all Documents, Testimony, or Information produced, generated, or Disclosed in discovery in this Action, regardless of the medium or manner in which it was stored, generated, or maintained.

(h)      "**Documents**" means (i) any "writing," "recording," "photograph," "original," and "duplicate" as those terms are defined in Federal Rule of Evidence § 1001,

which have been produced during discovery in this Action by any person or entity and (ii) any copies, summaries, or reproductions of the same, in whole or in part.

(i)     "**Highly Confidential**" means any information belonging to a Designating Party that believes in good faith that the Disclosure of such information to a party or nonparty would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

(j)     "**Highly Confidential Materials**" means all Documents, Testimony, and Information, as defined below, designated as "Highly Confidential" or "Highly Confidential-Attorneys' Eyes Only" pursuant to this Order.

(k)     "**Information**" means the content of Documents or Testimony, including individual records (and associated metadata) whether on paper, film, or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, and database content.

(l)     "**Receiving Party**" shall refer to any party to this Action and any nonparty that receives Confidential Materials.

(m)     "**Testimony**" means all depositions, declarations, or statements made or taken under oath taken or used in this Action.

2.     A Designating Party's designation of Discovery Material as Confidential Material constitutes a representation that such Discovery Material has been reviewed by counsel and that there is a good faith basis for such designation.

3.     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may Disclose Confidential Materials only to:

(a)     counsel of record in this Action, as well as counsel's employees to whom it is reasonably necessary to Disclose the Information in connection with this Action;

(b)     the named parties, including in-house counsel, officers, directors, and employees of the Receiving Party to whom Disclosure is reasonably necessary for this Action;

   (c) experts, consultants, or investigators, including their staff, who have signed the Acknowledgment attached hereto as Exhibit A;

   (d) outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the parties during this Action to whom Disclosure is reasonably necessary for this Action;

   (e) the Court, any court to which a party petitions for discovery of a nonparty, any appellate court, necessary court personnel, and jurors;

   (f) court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom Disclosure is reasonably necessary for this Action;

   (g) during their depositions and deposition preparation, any witnesses in the Action to whom Disclosure is reasonably necessary and who have signed the Acknowledgment attached hereto as Exhibit A (although such individuals shall not be permitted to retain any copies);

   (h) any mediator or arbitrator engaged by the named parties in connection with this Action;

   (i) the author or recipient of a document containing the Confidential Materials or a custodian or other person who otherwise possessed or knew the Information; and

   (j) other persons only after notice to all parties and upon order of the Court or upon written consent of the Designating Party.

  4. A Designating Party may designate Highly Confidential Materials under the terms of this Order if such party in good faith reasonably believes that Disclosure of the Highly Confidential Materials to persons other than those identified in Paragraphs 3(a), (c), (d), (e), (f), (g), (h), and (i) of this Order, and any individual specifically designated in Paragraph 3(j) receiving access to Highly Confidential Materials is substantially likely to cause injury to the Designating Party.

5.      Designation of Documents, Information, or Testimony as containing Confidential or Highly Confidential Materials as set forth in Paragraphs 3 and 4 of this Order may be made at or prior to the time of production of Documents by stamping or otherwise affixing the legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on each page deemed Confidential or Highly Confidential, respectively, in a manner that does not interfere with the legibility of the Document. The Designating Party must limit designations of Confidential and Highly Confidential Materials to only those parts of Documents, Information, or Testimony that are clearly identified as containing Confidential or Highly Confidential Materials, and must specify for each portion the level of protection being asserted. When Confidential or Highly Confidential Materials are Disclosed in a form not appropriate for such placing or affixing, such Confidential or Highly Confidential Materials shall be designated as Confidential or Highly Confidential in writing at the time it is delivered to the Receiving Party.

6.      A party that makes original Documents available for inspection need not designate them for protection until after the Receiving Party that conducted the inspection has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY". After the Receiving Party has identified the Documents or Information it wants copied and produced, the Designating Party must determine which Documents or Information, or portions thereof, qualify for protection under this Order and affix the appropriate legend before producing the Documents or Information.

7.      A Designating Party may designate as Confidential or Highly Confidential any portion of a transcript from a deposition or a transcript from other pretrial or trial proceedings deemed to contain such material. The Designating Party shall advise the court reporter and counsel of record at the beginning and end of the testimony containing Confidential or Highly Confidential Materials ("**Confidential Testimony**") either orally at the deposition or in writing no later than 30 calendar days after receipt from the court reporter of the final deposition

transcript. During such 30-day period, the parties shall treat the entire transcript as Highly Confidential. The reporter shall mark "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on the face of the transcript at the beginning and end of any portions of Confidential Testimony. Transcripts containing Confidential Testimony shall have an obvious legend on the title page that the transcript contains Confidential or Highly Confidential Materials, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential or Highly Confidential.

(a)     At the request of any party, the court reporter shall prepare a separate, original transcript that does not contain the Confidential Testimony. Copies of the transcript for counsel's use may contain both the Confidential Testimony and other testimony in a single volume. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential or Highly Confidential Materials must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(b)     The failure to timely designate deposition testimony as Confidential Testimony waives any such designation unless otherwise ordered by the Court or agreed in writing by all parties.

8.     The use of a Document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY".

9.     Each expert, advisor, consultant, fact witness, or potential fact witness who receives Confidential or Highly Confidential Materials shall be shown a copy of this Order and be advised of its contents. Each such individual shall execute the Acknowledgement attached hereto as Exhibit A.

10.     Any person or entity in possession of Confidential or Highly Confidential Materials shall maintain those materials in a reasonably secure manner, and shall not reveal or discuss such Information to or with any person not entitled to receive it, so that the Confidential or Highly

Confidential Materials are not further Disclosed or used in any manner inconsistent with this Order. The protections conferred by this Order cover not only the protected Information itself, but also any Information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might Disclose protected material to persons not authorized to receive such material.

11.     All Discovery Material produced or Disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action and shall not be used for any other purpose.

12.     Nothing in this Order shall be construed as limiting a Designating Party's use of its own Confidential or Highly Confidential Materials.

13.     Nothing in this Order shall prevent or in any way limit the Disclosure, use, or dissemination of any Confidential or Highly Confidential Materials that:

(a)     are or became public knowledge, not in breach of this Order;

(b)     were acquired by a party from a nonparty having the right to Disclose such Information; or

(c)     were learned by a party as a result of that party's own independent efforts, investigation, or inquiry.

(d)     If a dispute arises as to Disclosure limitations for any specific Confidential Materials, the burden shall be on the party seeking unlimited Disclosure to prove that such Confidential Materials were lawfully obtained through the above means or sources.

14.     If a Receiving Party learns that, by inadvertence or otherwise, it has Disclosed Confidential or Highly Confidential Materials to any person or in any circumstance not authorized under this Order, the Receiving Party must not later than five (5) calendar days after learning of the Disclosure (a) notify in writing the Designating Party of the unauthorized Disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential or Highly Confidential Materials; (c) inform the person or persons to whom unauthorized Disclosures were made of all

the terms of this Order; and (d) request such person or persons to execute the Acknowledgment that is attached hereto as Exhibit A.

15.     If a Receiving Party is served with a subpoena, a court order, or other legal process (e.g., Public Records Act request) ("Legal Request") that compels Disclosure of any Confidential or Highly Confidential Materials, that Receiving Party must: (a) promptly notify in writing the Designating Party and provide it with a copy of the Legal Request ("Notice"); (b) promptly notify in writing the individual or entity that caused the Legal Request to issue in the other matter and provide that individual or entity with a copy of this Order; and (c) cooperate with respect to all reasonable procedures pursued by the Designating Party whose Confidential Materials may be affected. The Designating Party must notify the Receiving Party within 10 calendar days of receiving the Notice if it intends to object or seek a court order regarding the Legal Request.

(a)     If the Designating Party timely seeks a protective order, moves to quash or limit the Legal Request, or otherwise appropriately objects or opposes the Legal Request, the Receiving Party served with the Legal Request shall not produce any Confidential or Highly Confidential Materials before a determination by the court from which the Legal Request issued, unless the Designating Party consents to such production in writing. If the Designating Party seeks a court order regarding Disclosure of the Confidential or Highly Confidential Materials, the Designating Party shall bear the burden and expense of seeking protection of its Confidential or Highly Confidential Materials. However, under no circumstances shall the Designating Party be responsible for any expense incurred by the Receiving Party, including costs or attorney fees, relating to the Legal Request.

(b)     If the Designating Party fails to timely object, move to quash or limit the Legal Request, or seek a protective order from the issuing court, the Receiving Party may produce the Confidential or Highly Confidential Materials responsive to the Legal Request.

(c)     Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive, court order, or other legal process.

16.     Inadvertent failure to designate Documents as Confidential or Highly Confidential at the time of production may be remedied by supplemental written notice by the Designating Party. The Designating Party must notify the Receiving Party within 10 calendar days after discovering that it inadvertently failed to designate the Documents or Information as confidential. If such notice is given, all Documents and Information so designated shall be subject to this Order as if they had been initially designated as Confidential to the extent that such Documents or Information fall within the definition of Confidential or Highly Confidential Materials. Therefore, the Receiving Party should notify any nonparty to whom Disclosure was made about the confidentiality designation. The foregoing provision shall not apply to any Documents or Information that have already otherwise become publicly available.

17.     When a Designating Party gives notice to a Receiving Party that certain inadvertently produced Confidential or Highly Confidential Material is subject to a claim of privilege or other protection, the Receiving Party must take the steps set forth in the Federal Rules of Civil Procedure as it pertains to electronically stored information. Insofar as the parties are subject to an order or reach an agreement regarding other privileged or protected information, such order or agreement is incorporated by reference herein with regard to the effect of Disclosure of a communication or information covered by the attorney-client privilege, work product protection, or another privilege or protection. This provision is not intended to modify whatever procedure may be established in such an order or stipulation.

18.     If, during discovery, counsel for a Receiving Party object to the confidentiality designation, said counsel shall advise the Designating Party's counsel in writing of:

(a)     counsel's objections;

(b)     the Documents, Testimony, or Information at issue; and

(c)     the reasons and support for such objections.

(Collectively, the "**Written Objections**").

19.     Counsel for the Designating Party shall have thirty (30) days from receipt of the Written Objections to either:

      (a)     agree in writing to de-designate the Documents, Testimony, or Information at issue, pursuant to the Written Objections; and/or

      (b)     file a motion with the court to uphold any or all designations on Documents, Testimony, or Information impacted by the Written Objections.

20.     Pending the Court's ruling on the motion, any and all existing designations on the Documents, Testimony, or Information at issue in the motion shall remain in place. The Designating Party shall have the burden on any motion described herein of establishing the applicability of its "Confidential" or "Highly Confidential" designation. In the event that the Written Objections are neither timely agreed to nor timely addressed in the motion described herein, then such Documents, Testimony, or Information shall be de-designated in accordance with the Written Objections.

21.     Where any Confidential Materials or Highly Confidential Materials are a part of any motion to seal court records under the Local Rules for the United States District Court for the Eastern District of California, the Parties or any nonparties involved shall follow those rules and procedures for filing records under seal.

22.     Within 90 calendar days after the final disposition of this Action, including any appeals, each Receiving Party must either return all Confidential and Highly Confidential Materials to the Designating Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other form in which the Confidential and Highly Confidential Materials may have been reproduced or captured.

      (a)     Whether the Confidential or Highly Confidential Materials are returned or destroyed, the Receiving Party must submit a written certification to the Designating Party by the 90-day deadline that (a) identifies (by category, where appropriate) all the Confidential or Highly Confidential Materials that were returned or destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential Materials.

      (b)     Notwithstanding this provision, counsel for the Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential or Highly Confidential Materials. Any such archival copies that contain or constitute Confidential or Highly Confidential Materials remain subject to this Order.

23.     Any nonparty producing Confidential or Highly Confidential Materials in this Action may be included in this Order by endorsing a copy of it and delivering the endorsed copy to the party that made the request for Information. The Receiving Party, in turn, shall file the endorsed copy with the Court and serve it on counsel for the other parties. The parties to this Action may designate Information produced by other parties or nonparties as Confidential or Highly Confidential as consistent with the terms and provisions of this Order.

24.     In the event that additional persons or entities become parties to this Action, such parties shall not have access to Confidential or Highly Confidential Materials produced by or obtained from any Designating Party until the newly-joined parties or their counsel confirm in writing to all other parties that they have read this Order and agree to be bound by its terms.

25.     In the event that a Designating Party produces two or more identical copies of a document of which at least one copy is designated as Confidential or Highly Confidential and at least one copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the greatest amount of protection so designated. If a Receiving Party identifies such a discrepancy, it shall promptly notify the Designating Party. Once the Designating Party identifies or becomes aware of the discrepancy, it shall promptly notify all other parties to the Action.

26.     This Order shall not prejudice in any way the rights of any party to introduce as evidence at trial any Document, Testimony, Information, or other evidence subject to this Order that is otherwise admissible or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any Document, Testimony, Information, or evidence subject to this Order. A party that intends to present or that anticipates that another party may present Confidential or Highly Confidential Materials at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or other pretrial submission without Disclosing the

Confidential or Highly Confidential Materials. The Court may thereafter make such orders as are necessary to govern the use of such Documents or Information at trial. In the event that Confidential or Highly Confidential Materials are used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Designating Party applies for and obtains an order from the court specifically maintaining the confidential status of the particular material. Prior to any court proceeding in which Confidential or Highly Confidential Materials are to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Confidential or Highly Confidential Materials.

27.     Nothing in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent. The parties agree that a designation of materials as Confidential or Highly Confidential is not intended to be and shall not be construed as an admission that the Confidential or Highly Confidential Materials are relevant to a party's claims or defenses, nor subject to an applicable privilege or protection. Nothing in this Order shall be deemed an admission that any particular Confidential or Highly Confidential Materials are entitled to protection under this Order or any other law.

28.     The treatment accorded under this Order shall survive the termination of this Action and shall continue to be binding after the conclusion of this Action and all subsequent proceedings arising from this Action, except a party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Order.

29.     After this Order has been signed by counsel for all parties, it shall be presented to the Court for entry.

30.     Counsel agree to be bound by the terms of this Order regarding any Confidential Materials or Highly Confidential Materials that have been produced in this Action before the Court signs and enters the Order.

31.     To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Order, even after the conclusion of this Action.

32.     This Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to the Court's approval.

33.     This Order may be executed in one or more counterparts, each of which is an original, and all of which together constitute only one agreement between the parties.

34.     Any notice permitted or required to be given to a Party pursuant to this Order shall be in writing and sent to a Party's counsel of record in the Action.

Dated:  May 6, 2024                                    Respectfully submitted,

                                                       ROB BONTA
                                                       Attorney General of California
                                                       JAMES V. HART
                                                       Supervising Deputy Attorney General


                                                       /s/ Lesya N. Kinnamon
                                                       LESYA N. KINNAMON
                                                       DAVID C. GOODWIN
                                                       TAYLOR ANN WHITTEMORE
                                                       Deputy Attorney General
                                                       *Attorneys for Plaintiff State of California*


Dated:  May 6, 2024                                    /s/ Michael S. DeBenon
                                                       as authorized on May 6, 2024
                                                       Michael S. DeBenon
                                                       Law Offices of Michael S. DeBenon
                                                       *Attorney for Defendants Ejuicesteals.com*
                                                       *and Remon Hanna*


IT IS SO ORDERED.

    Dated:   **May 7, 2024**                           _____
                                                       UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT RE: RECEIPT OF CONFIDENTIAL DISCOVERY MATERIALS**

I, _____ [NAME], declare that:

1. I am _____ [POSITION AND EMPLOYER].

2. I have received a copy of the Stipulated Protective Order ("**Order**") in this Action, *People of the State of California v. Ejuicesteals.com et. al..,* Civil Action No. 1:23-CV-01726-KES-CDB.

3. I have carefully read and understand the provisions of this Order and I agree to abide by its terms.

4. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use for purposes other than for this Action any materials designated "Confidential" or "Highly Confidential" that I receive in this Action, except to the extent that such material designated "Confidential" or "Highly Confidential" is or becomes public domain information or otherwise is not deemed "Confidential" or "Highly Confidential" in accordance with the Order.

5. I agree that at the conclusion of the litigation, I will return all Confidential Materials to the party or attorney from whom I received it.

6. I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Order.

7. I understand that disclosure of materials designated "Confidential" and "Highly Confidential" in violation of the Order may constitute contempt of court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this _____ day of _____, 20__, at _____.


DATED: _____        BY:  _____
                                                                          Signature

                                                                          _____
                                                                          Title

                                                                          _____
                                                                          Address

                                                                          _____
                                                                          City, State, Zip Code

                                                                          _____
                                                                          Telephone Number