UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>EJUICESTEALS.COM and REMON HANNA,<br><br>　　　　　　　　Defendants. | Case No. 1:23-cv-01726-KES-CDB<br><br>**ORDER RE REQUEST FOR RESOLUTION OF DISCOVERY DISPUTE**<br><br>(Doc. 25)<br><br>**7-Day Deadline** |

Currently before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through its informal discovery dispute procedure.

**Relevant Background**

On December 14, 2023, Plaintiff, the People of the State of California ("Plaintiff") initiated this action with the filing of a complaint against Defendants Ejuicesteals.com ("Ejuicesteals") and Remon Hanna (collectively, "Defendants"). (Doc. 1). The Court convened with the parties for scheduling conference, and, on March 8, 2024, the Court issued its scheduling order setting all case management dates through dispositive motions. (Doc. 12). At the parties' request, no pretrial conference or trial dates were scheduled. (*Id.* at 6).

After granting two stipulated requests by the parties to extend discovery and motion filing deadlines (*see* Docs. 19, 21), nonexpert discovery is now closed and expert discovery is

scheduled to close on June 16, 2025.  *See* (Doc. 21).

On or about April 8, 2024, Plaintiff served upon Defendants its first set of requests for production of documents.  (Doc. 25-1).  Relevant here are Request No. 1 and Request No. 5, quoted in full below:

> Request No. 1: All DOCUMENTS and COMMUNICATIONS RELATING TO all PERSONS who performed any work or services, for pay or otherwise, for EJUICESTEALS, including name, address, telephone number, email address, and description of work and service performed.
>
> Request No. 5: All DOCUMENTS RELATING TO YOUR COMMUNICATIONS with employees, agents, partners, investors, contractors, subcontractors, and suppliers.

On or about May 7, 2024, Defendants responded to Plaintiff's first set of requests for production of documents.  (Doc. 25-2).  As to Request No. 1, Defendants purported to narrow the scope of their production to documents related to activities performed by "Persons" for the benefit of Defendants, in a capacity of employee or independent contractor.  Id.  As to Request No. 5, Defendants represented they would not produce responsive documents based on objections of overbreadth, undue burden and oppression, and that the information sought was neither relevant to Plaintiff's claims nor proportional.  Id.

Plaintiff served a second set of requests for production of documents on or about January 15, 2025.  (Doc. 25 at 1) that renewed Request No. 1 and Request No. 5.  In response, Defendants reiterated their same objections but produced identified documents in response to both requests.  (Doc. 25-2).

On March 13, 2025, Defendant Remon Hanna was deposed.  (Doc. 25-3).  During his deposition, Defendant Hanna testified that he had reviewed some 10,000 emails in preparation for his deposition.  *Id*. at 5-7.  In an errata entered after the deposition, Defendant Hanna revised his response to reflect that he reviewed "a tremendous amount of emails" but that he did not know the precise number.  (Doc. 25-4).

**The Parties' Discovery Dispute**

Plaintiff asserts that Defendants have produced fewer than 200 emails in response to its discovery requests and that it is "improbable" Defendants have produced all documents

responsive to Request No. 1 and Request No. 5 given the large number of emails Defendant Hanna reviewed in advance of his deposition.  (Doc. 25 at 2).  Plaintiff argues it "is entitled to the complete production of Defendants' emails." (Doc. 25 at 4).  It seeks an order from the Court compelling Defendants to (1) produce all responsive emails and (2) submit a verification that both explains the steps Defendants took to conduct the search of emails to identify responsive documents and certifies that all responsive documents have been provided.  *Id.*

Defendants assert that "all responsive documents have been produced by Defendants" and that it would be improper to require them to produce "every email ever generated or received" by Defendant Hanna.  (Doc. 25 at 5).

At the parties' request, on May 9, 2025, the Court convened for an informal discovery dispute conference.  (Docs. 25, 26).  Following the conference and without objection by Defendants' counsel, the Court ordered Defendants to file and serve a declaration by Defendant Hanna or another knowledgeable witness attesting to the following: (1) the general topics referenced in the emails he reviewed in advance of his deposition (whether pertaining to business or nonbusiness subjects, *see* Doc. 25 at 5 and Exhibit D); (2) whether any emails he reviewed pertained in any manner to Defendants' efforts to source, supply, or purchase/sell flavored disposable e-cigarettes (including, for instance, emails between Defendants and prospective or actual sources of supply or customers of flavored disposable e-cigarettes); and (3) whether all emails responsive to Plaintiff's Request for Production No. 1 and No. 5 (limited to emails relevant to or evidencing Defendants' movement, possession, transfer, distribution, offers for sale, sale, and delivery of tobacco products in California) have been produced.  (Doc. 27).  *See In re Facebook Privacy Litigation*, No. 5:10-cv-02389-RMW, 2015 WL 3640518, at *2 (N.D. Cal. June 11, 2015) (ordering party to submit a declaration explaining her search for responsive documents in detail, including, but not limited to, all sources searched and all search parameters used).  The Court further ordered Defendants to produce to the Court by email for the Court's ex parte, in camera review a total of 50 emails from the universe of emails Defendant Hanna reviewed in advance of his deposition (*see* Doc. 25 at 3), to include no more than 10 emails from each of the following years: 2019, 2020, 2021, 2023, and 2024.  (Doc. 27).

Defendants were delayed in complying with the Court's order of production due to a medical emergency experienced by counsel. *See* (Docs. 29, 31). On June 1, 2025, Defendants filed the Declaration of Mr. Hanna and lodged with the Court the emails for its ex parte and in camera review. (Doc. 30). The Court has completed its review of Defendant Hanna's declaration and the emails lodged by Defendants in response to the Court's order.

**Governing Legal Standard**

"The purpose of discovery is to make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible, and to narrow and clarify the issues in dispute." *Jadwin v. Cnty. Of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, *1 (E.D. Cal. May 9, 2008) (quotation and citations omitted). Litigants are entitled to seek from each other discovery of information that is "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b).

"Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). *See, e.g., Ford v. Unknown*, No. 2:21-cv-00088-DMG-MAR, 2023 WL 6194282, at *1 (C.D. Cal. Aug. 24, 2023) ("Defendants are permitted to discover inadmissible information and bear the risk of asking questions at a deposition that could ultimately be useless at trial."). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Although relevance is broadly defined, it does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978).

In response to a party's request for production of documents, the receiving party "is obliged to produce all specified relevant and nonprivileged documents or other things which are

in its 'possession, custody or control' on the date specified in the request." *Jadwin*, 2008 WL 2025093, at *1 (quoting Fed. R. Civ. P. 34(a)). The party seeking production of documents bears the burden of proving that the opposing party has control of the documents. *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989)).

**Discussion**

As set forth above, Plaintiff is entitled to receive from Defendants in response to Request No. 1 and Request No. 5 all specified relevant and nonprivileged documents or other things which are in Defendants' possession, custody or control. Plaintiff cites no authority in support of its argument that it is entitled more broadly to "the complete production" of all of Defendants' emails, or, for that matter, all emails Defendant Hanna reviewed in advance of his deposition.

Having reviewed ex parte and in camera the sampling of emails Defendants produced in response to the Court's order, the Court concludes that none of those emails appears responsive to Request No. 1 or Request No. 5. The emails largely involved communications from customers regarding orders and products, solicitations by marketing/advertising service providers, and age verification emails. While one of the emails lodged with the Court appears to be a communication to Defendants by a sales manager for a company (StundenGlass) and a solicitation that Defendants contact the sales manager regarding a product called "420 Gravity Water Bong," there is no indication that the solicitor was anything more than a prospective vendor or supplier. As such, the email does not appear responsive to either Request No. 1 or Request No. 5.

As for the declaration filed by Defendant Hanna (Doc. 30) in response to the Court's order (Doc. 27), notwithstanding that counsel represented in the parties' informal discovery dispute brief that all responsive documents had been produced (Doc. 25 at 5), Defendant Hanna attests in part: "During my search I located additional emails which were not previously produced but might be considered responsive documents. As such, these are being produced and served concurrently herewith."  (Doc. 30 at ¶ 5). It is unclear to the Court whether the emails Defendant Hanna references are the same emails that Defendants submitted to the Court for its ex parte and in camera review, or whether there is some overlap or no overlap between the

emails lodged and the emails Defendant Hanna only recently "located."

The Court previously ordered Defendant Hanna to attest in his declaration "whether all emails responsive to Plaintiff's Request for Production No. 1 and No. 5 (limited to emails relevant to or evidencing Defendants' movement, possession, transfer, distribution, offers for sale, sale, and delivery of tobacco products in California) have been produced." (Doc. 27). Defendant Hanna did not directly attest to such in his declaration. Although it arguably can be inferred from Defendant Hanna's declaration that he has, in fact, produced all documents responsive to Request No. 1 and Request No. 5, given his recent discovery of emails he did not previously produce but now concedes are, "might be considered responsive," the Court will direct Mr. Hanna to file a supplemental declaration attesting to this issue.

In sum, Plaintiff is not entitled to any order compelling production of documents as it has not met its burden of proving that Defendants have control of any unproduced emails responsive to Request No. 1 or Request No. 5 (*see Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d at 1452), particularly in light of (1) the results of the Court's ex parte and in camera review of a sampling of Defendants' emails, and (2) Defendant Hanna's attestation to having recently discovered and produced to Plaintiff additional responsive emails.

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED that Defendant Hanna shall file a supplemental declaration within seven (7) days of entry of this order attesting to whether Defendants have produced all emails responsive to Plaintiff's Request for Production No. 1 and No. 5, and whether any otherwise responsive emails are being withheld and the basis for the withholding.

IT IS SO ORDERED.

Dated:   **June 5, 2025**

UNITED STATES MAGISTRATE JUDGE