UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>EJUICESTEALS.COM and REMON HANNA,<br><br>　　　　　　　Defendants. | Case No. 1:23-cv-01726-KES-CDB<br><br>ORDER ON STIPULATION VACATING CASE MANAGEMENT DATES AND DEADLINES<br><br>(Docs. 21, 35, 37, 38)<br><br>ORDER REQUIRING JOINT REPORT RE: STATUS OF DEFENDANTS' LEGAL REPRESENTATION<br><br>**August 1, 2025, Deadline**<br><br>Clerk of the Court to Update Docket to Reflect Defendant Remon Hanna Proceeding Pro Se<br><br>Clerk of the Court to Provide Copy of Order to Defendant Remon Hanna via Email |

**Relevant Background**

On December 14, 2023, Plaintiff, the People of the State of California ("Plaintiff") initiated this action with the filing of a complaint against Defendants Ejuicesteals.com ("Ejuicesteals") and Remon Hanna (collectively, "Defendants"). (Doc. 1). The Court convened with the parties for scheduling conference, and, on March 8, 2024, the Court issued its scheduling order setting all case management dates through dispositive motions. (Doc. 12). At the parties'

1   request, no pretrial conference or trial dates were scheduled. *Id.* at 6. After granting two
2   stipulated requests by the parties to extend discovery and motion filing deadlines (*see* Docs. 19,
3   21), nonexpert and expert discovery and the filing of non-dispositive motions are now closed.
4   *See* (Doc. 21 at 3). The deadline to file dispositive motions is August 1, 2025, to be heard before
5   the assigned district judge on September 12, 2025. *Id.*

6       Following Defendant Remon Hanna's June 24, 2025, ex parte email communication to
7   the undersigned's courtroom deputy regarding the declining health status of his counsel, Michael
8   S. DeBenon, his search for new legal representation and his ability to afford new counsel, and his
9   own "pressing medical needs" requiring him to travel abroad to receive follow-up care, on June
10  26, 2025, the Court ordered the parties to confer and file a joint report addressing (1) Mr.
11  DeBenon's status as retained counsel and whether he expects to seek leave of Court to withdraw
12  as counsel of record, and (2) any other matters requiring the attention of the Court. (Doc. 35 at
13  2). The order further directed that in the event Plaintiff's efforts to communicate with Mr.
14  DeBenon are unsuccessful given Mr. Hanna's representations about his status, counsel for
15  Plaintiff will be directed to confer with Mr. Hanna directly only as to the two issues identified
16  above. *Id.* (citing Cal. Rule of Prof. Cond. 4.2(c)).

17  **<u>Order on Stipulation Vacating Case Management Dates and Deadlines</u>**

18      Pending before the Court is the parties' amended joint report in response to the Court's
19  June 26, 2025, order (Doc. 35), filed on July 2, 2025. (Doc. 38). The parties represent that on
20  July 1, 2025, counsel for Defendants' assistant contacted Plaintiff's counsel to report that
21  Defendants' counsel Mr. DeBenon had passed away. *Id.* at 2. That same day, and pursuant to
22  the Court's order, Plaintiff contacted Defendant Remon Hanna via email to schedule a call to
23  discuss matters requiring the attention of the Court. *Id.* Plaintiff's counsel held a video call with
24  Mr. Hanna to discuss the status of Defendants' legal representation in which Mr. Hanna
25  confirmed the passing of his counsel Mr. DeBenon, relayed status of his search for legal counsel
26  to represent Defendants, including his inability to afford legal fees for approximately five
27  prospective legal counsel, and reported his own extensive health issues requiring him to travel
28  abroad throughout the month of July 2025 to receive follow-up care. *Id.* at 2-3. In light of these

1  circumstances, the parties request the Court vacate the dispositive motion-related dates and
2  deadlines of the operative scheduling order (Docs. 12, 21) or hold them in abeyance pending a
3  reasonable time for Defendants to obtain legal representation and requiring Mr. Hanna to inform
4  the Court of the status of Defendants' legal representation by August 1, 2025, or another
5  appropriate date.  *Id.* at 3.  The parties represent good cause exists for the requested order based
6  on the circumstances and the parties' diligence in addressing the matter.  *Id.*

7  In light of the parties' representations in the joint report, and the circumstances regarding
8  the passing of counsel for Defendants, Mr. Hanna's search for new legal representation, and Mr.
9  Hanna's unavailability throughout July as he addresses his own sensitive health issues, the Court
10  finds good cause to vacate the dispositive motion filing deadline and hearing dates of the
11  operative scheduling order.  Further, in light of Mr. DeBenon's passing, Mr. DeBenon's
12  representation of Defendants is effectively withdrawn, and Mr. Hanna now appears *in propria*
13  *persona* and is therefore substituted in as counsel of record.  *See* Local Rules 182(d) & 183(a).
14  Accordingly, the Clerk of the Court will be directed to update the docket to reflect that Mr.
15  Hanna appears *in propria persona* and update his address as provided in the parties' joint report
16  (*see* Doc. 38-1 at 16, "Ex. C") (Remon Hanna address: Luxor Vape Distro, 2882 Walnut Ave,
17  Tustin, CA 92780).  *See* Local Rule 183(b) ("A party appearing *in propria persona* shall keep
18  the Court and opposing parties advised as to his or her current address.  If mail directed to a
19  plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such
20  plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a
21  current address, the Court may dismiss the action without prejudice for failure to prosecute.").

22  Additionally, given the circumstances, the Court will direct Plaintiff to seek to confer
23  with Mr. Hanna and file a joint report addressing (1) the status of Defendants' legal
24  representation, (2) the resetting of dispositive motion-related dates and deadlines, pretrial
25  conference, and trial, as applicable, and (3) any other matters requiring the attention of the Court.
26  The Court admonishes Defendants that they will be permitted a reasonable amount of
27  time to seek to retain replacement counsel, but not an unlimited amount of time and that, should
28  Defendants be unable to retain counsel (if that is their desire) within a reasonable amount of

time, they will be required to proceed with the litigation of this action *in propria persona*.

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED that:

1. The dispositive motion-related dates and deadlines of the operative scheduling order (Doc. 21) are VACATED.

2. The parties shall confer and file by **August 1, 2025**, a joint status report addressing (1) the status of Defendants' legal representation or intention to proceed *in propria persona*, (2) the resetting of dispositive motion-related dates and deadlines, pretrial conference, and trial, as applicable, and (3) any other matters requiring the attention of the Court.

3. The Clerk of the Court is DIRECTED to update the docket to reflect Defendant Ejuicesteals.com and Remon Hanna's pro se status and address on file (*see* Doc. 38-1 at 16, Ex. C) (Luxor Vape Distro, 2882 Walnut Ave, Tustin, CA 92780; luxorvape@gmail.com).

4. The Clerk of the Court is FURTHER DIERCTED to serve a copy of this order and all future filings to Defendants' updated address and email address (luxorvape@gmail.com).

IT IS SO ORDERED.

Dated:  **July 3, 2025**                                  _____
                                                          UNITED STATES MAGISTRATE JUDGE

4