UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EJUICESTEALS.COM and REMON HANNA,<br><br>　　　　　Defendants. | Case No. 1:23-cv-01726-KES-CDB<br><br>ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR DEFENDANTS' FAILURE TO KEEP THE COURT APPRISED OF THEIR CURRENT ADDRESS AND TO OBEY A COURT ORDER<br><br>(Doc. 44)<br><br>**SEVEN (7)-DAY DEADLINE**<br><br>Clerk of the Court to Serve Order on Defendant Remon Hanna's Address and Email Address |

**Relevant Background**

On December 14, 2023, Plaintiff, the People of the State of California ("Plaintiff") initiated this action with the filing of a complaint against Defendants Ejuicesteals.com ("Ejuicesteals") and Remon Hanna (collectively, "Defendants"). (Doc. 1).

On August 1, 2025, the Court granted the parties' stipulated request to continue the deadline to file dispositive motions (to September 8, 2025) and associated hearing before the assigned district judge (to October 20, 2025), and relieved Plaintiff of the requirement to meet and confer prior to filing its motion for summary judgment. (Doc. 41). At the parties' request, the Court did

1  not schedule a pre-trial conference or set a trial date. *Id.*

2  Additionally, in light of the parties' representations concerning Defendant Remon Hanna's
3  health and location abroad, the Court directed Defendants to file a further status report no later
4  than August 29, 2025, setting forth any timeline for Defendant Hanna's return to the United States
5  and whether he will be able to participate in this action. *Id.* On August 20, 2025, Defendant Hanna
6  (who is proceeding pro se) emailed the undersigned's courtroom deputy and counsel for Plaintiff.
7  In his email, Defendant Hanna confirms his return to the United States and that he continues to
8  proceed pro se.

9  On August 25, 2025, the Court entered a further order on dispositive motion deadlines and
10  Defendants' status report. (Doc. 44). Therein, the Court admonished Defendant Hanna that, as a
11  pro se litigant, he was directed to "file" his status report, not email it to the courtroom deputy, and
12  that he is required to familiarize himself with and comply with this Court's local rules, including
13  rules governing the filing of documents.[1] *See, e.g.,* Local Rule 133(b)(2) ("All pro se parties shall
14  file and serve paper documents as required by applicable Federal Rules of Civil or Criminal
15  Procedure or by these Rules."); Local Rule 134(a) ("Emailing a document to the Clerk or to the
16  Court (as opposed to electronic filing in CM/ECF) shall not constitute 'filing' of the document.").
17  The Court directed Defendants to review and comply with this Court's local rules, particularly
18  Local Rule 230, which will govern the parties' briefing on Plaintiff's anticipated motion for
19  summary judgment. Thereafter, on August 28, 2025, Defendant Hanna filed his status report in
20  accordance with the Court's order. (Doc. 45).

21  **Order to Show Cause**

22  On September 9, 2025, service of the Court's August 25, 2025, order (Doc. 44) was made
23  by mail on Defendants Hanna and Ejuicesteals.com at their last known address which is the same
24  address listed in Defendant Hanna's most recently filed status report (Doc. 45)— Luxor Vape
25  Distro, 2882 Walnut Ave, Tustin, CA 92780—but was returned by the U.S. Postal Service as
26  "Undeliverable, Attempted – Not Known, Unable to Forward." *See* Dkt. 09/02/2025. An earlier
27  order of the Court and a docket entry made by the Clerk of the Court also were returned

28
---
[1] The Court's local rules are available at
https://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

1   undeliverable. *Id.*

2   Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." Local Rule 182(f). Pursuant to Local Rule 183, if mail directed to a pro se party is returned by the U.S. Postal Service, and if such party fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may impose sanctions appropriate under these Rules, including financial sanctions. *See* Local Rule 183(a) & (b).

Further, Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Defendants have failed to keep the Court notified of their current mailing address by filing a notice of change of address in violation of the Local Rules. Although the Court in the past has directed the Clerk of the Court to transmit orders to Defendants via email, that was extended as a courtesy in light of the sudden passing of Defendants' former attorney. The Court will no longer extend this courtesy and will require Defendants to comply with the Local Rules.

As a final, one-time courtesy, the Court will direct the Clerk of the Court to effect service of this order on Defendants at their address and email address of record.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that Defendants SHALL show cause in writing **within seven (7) days** of the date of service of this order why sanctions should not be imposed for his failure to keep the Court apprised of his current address and to comply with the Local Rules, as set forth herein. Alternatively, Defendants may comply with this order by filing by that same deadline a notice of change of address.

**Any failure by Defendants to comply with this order may result in the imposition of sanctions, including evidentiary and/or financial sanctions.**

The Clerk of the Court is DIRECTED to effect service of this order on Defendants at their address and email address of record (Luxor Vape Distro, 2882 Walnut Ave, Tustin, CA 92780; luxorvape@gmail.com).

IT IS SO ORDERED.

Dated:   **September 3, 2025**

UNITED STATES MAGISTRATE JUDGE

4