ROB BONTA, State Bar No. 202668
Attorney General of California
NATALIE S. TORRES, State Bar No. 283571
Supervising Deputy Attorney General
LESYA N. KINNAMON, State Bar No. 296902
DAVID C. GOODWIN, State Bar No. 283322
Deputy Attorneys General
  1300 I Street, Suite 125
  Sacramento, CA 95814
  Telephone:  (916) 210-7342
  Fax:  (916) 324-5205
  E-mail:  David.Goodwin@doj.ca.gov
*Attorneys for Plaintiff State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA,**<br><br>Plaintiff,<br><br>v.<br><br>**EJUICESTEALS.COM, REMON HANNA in his official capacity as Chief Executive Officer, Chief Financial Officer,**<br><br>Defendants. | 1:23-CV-01726-KES-CDB<br><br>**PLAINTIFF THE PEOPLE OF THE STATE OF CALIFORNIA'S REPLY IN SUPPORT OF STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:          N/A<br>Time:          N/A<br>Courtroom:  6, 7th Floor<br>Judge:         Hon. Kirk E. Sherriff<br>Trial Date:   None set<br>Action Filed:  December 14, 2023 |

The People of the State of California ("Plaintiff" or "State") respectfully submits this reply in support of its statement of undisputed facts in support of summary judgment.

Local Rule 260(b) required Defendants to reproduce the itemized facts in Plaintiff's statement of undisputed facts, and admit those facts that are undisputed, and deny those that are disputed, including with citation to the materials relied upon for the denial. Defendants did not reproduce the entire statement of undisputed facts, so this response only addresses those facts that Defendants address. The Court should therefore treat the absence of any facts as a concession by Defendants that they are admitted.

1

| PLAINTIFF'S UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT | EJUICESTEALS' DISPUTED FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT | PLAINTIFF'S REPLY TO EJUICESTEALS' DISPUTED FACTS |
|---|---|---|
| 78. BlueCheck age verification data shows 47 California customers who placed orders on Ejuicesteals' website but later failed age verification by BlueCheck because those customers were "underage". Thorburn Dec. ¶38, Thorburn Decl. Ex. 9. | DISPUTED. Objection to Declaration of Xiomara Thorburn. Filed Concurrently Herewith. The 47 alleged transfers were declined after Bluecheck failed the age verification. Exhibit 9, shows that the transfers were not sent. Additionally, the Defendants declaration Exhibit A, supports this allegation. Exhibit A, serves as a critical exhibit in opposition to the Motion for Summary Judgment, in that the Exhibit 9 attempts to assign liability in the amount of $513,000.00 for sales that were never committed. This is A GENUINE ISSUE that MUST be dealt with and critical fact that must be determined. It demonstrates that the assertions made in the Declaration of Xiomara Thorburn are inaccurate and unsupported by the evidence. | 78. There is no genuine dispute that 47 California customers who placed orders on Ejuicesteals' website later failed age verification by BlueCheck because those customers were "underage". Thorburn Dec. ¶38, Thorburn Decl. Ex. 9. Defendants do not provide any evidence that disputes this fact.

Additionally, Defendants' Objection to Declaration of Xiomara Thorburn should be overruled. *See* Pl.'s Response to Defs.' Obj.

Plaintiff objects to the declaration of Remon Hanna. *See* Pl.'s Obj. to Hanna Decl.

Further, Hanna failed to disclose the documents in discovery that he now attaches as Exhibit A, and therefore he cannot use those documents in opposition to this motion. *See* |

| | | |
|---|---|---|
| | Specifically, the exhibit provides proof that the transactions cited as the basis for alleged liability were, in fact, canceled. | Fed. R. Civ. P. 37(c)(1); *see also* Pl. Obj. to Hanna Decl. |
| 2. …. Ejuicesteals operated through December 2024. Hanna Dep. 24:7-16. | DISPUTED. Depo of Hanna says differently. Q.· And when did the entity stop being active? A.· In December -- I'm assuming December 27 of 13· last year, 2024. End of December 2024, but I don't 14 ·know exact date, not on the top of my head. Hanna Dep. 24:11-16. | 2. There is no genuine dispute that Ejuicesteals "operated through December 2024." *See* Hanna Dep. 24:7-16, 28:20-22, 33:21-24.<br><br>Additional, package shipment data Plaintiff obtained through its subpoena from non-party Auctane LLC, Ejuicesteals' vendor, shows shipments using the United States Postal Service through April 2024. *See* Thorburn Decl. Ex.7 at 231.<br><br>Further, Defendants' distinction is immaterial because Plaintiff's motion is based on discrete sales made from January 1, 2019 to April 2024. |
| 6. Since at least August 2019, Mr. Hanna was Ejuicesteals' sole officer, director, and the only person in control of all | DISPUTED. Depo of Hanna says differently in that the Defendant had several | 6. There is no genuine dispute that since at least August 2019, Mr. Hanna was Ejuicesteals' sole officer, director, and the |

3

| | | |
|---|---|---|
| operations. Hanna Dep. 24:22-26:8, 27:24-28:1, 34:5-36:17, 40:1-5, 41:1-42:7. | persons helping him, especially when he was in the hospital. It was me and one of my friend that help me. ·His name is Andrew Dean. Hanna Dep. 36:18-19 See Declaration of Remoun Hanna. Depo of Hanna says differently. We are pulling the report, pulling the report from Shopify because Shopify is calculating the taxes for us.· It's sales tax or excise tax.· And once we pull the order -- pull the report from certain date to certain for months, for example, we reported this numbers to the CDTFA, and we pay the tax. Hanna Dep. 37: 17-22. | only person in control of all operations. *See* Hanna Dep. 24:22-26:8, 27:24-28:1, 34:5-36:17, 40:1-5, 41:1-42:7. Further, Mr. Hanna admits that Andrew Dean was his personal friend who sometimes assisted Mr. Hanna with some Ejuicesteals' operations but was not an employee of Ejuicesteals, was not compensated for his work, did not have access to Ejuicesteals' financial records, did not have ownership interest in Ejuicesteals, and had no role in hiring Ejuicesteals' employees. *See* Hanna Dep. 32:18-40:25, 50:11-17, 191:24-193:7, 193:17-194:21-195:3, 195:18-196:1. |
| 7. Mr. Hanna was responsible for all operations of Ejuicesteals, including purchasing products, processing shipments, paying taxes, obtaining licenses, legal compliance, customer service, entering into agreement, hiring employees, managing | DISPUTED. Depo of Hanna says differently. It was me and one of my friend that help me.  His name is Andrew Dean. Hanna Dep. 36:18-19 Depo of Hanna says differently. | 7. There is no genuine dispute that Mr. Hanna was responsible for all operations of Ejuicesteals, including purchasing products, processing shipments, paying taxes, obtaining licenses, legal compliance, customer service, entering into agreement, hiring |

Plaintiff The People of The State of California's Reply in Support of Statement of Undisputed Facts in Support of Motion for Summary Judgment. J. (1:23-CV-01726-KES-CDB)

| | | |
|---|---|---|
| employees, providing instructions to employees, and terminating employment. Hanna Dep. 34:11-20, 35:1-36:24, 39:11-42:7, 44:1- 6. | We are pulling the report, pulling the report from Shopify because Shopify is calculating the taxes for us.· It's sales tax or excise tax. And once we pull the order – pull the report from certain date to certain for months, for example, we reported this numbers to the CDTFA, and we pay the tax. Hanna Dep. 37: 17-22. | employees, managing employees, providing instructions to employees, and terminating employment. *See* Hanna Dep. 34:11-20, 35:1-36:24, 39:11-42:7, 44:1-6.<br><br>Further, Mr. Hanna admits that Andrew Dean was his personal friend who sometimes assisted Mr. Hanna with some Ejuicesteals' operations but was not an employee of Ejuicesteals, was not compensated for his work, did not have access to Ejuicesteals' financial records, did not have ownership interest in Ejuicesteals, and had no role in hiring Ejuicesteals' employees. *See* Hanna Dep. 32:18-40:25, 50:11-17, 191:24-193:7, 193:17-194:21-195:3, 195:18-196:1. |
| 10. Ejuicesteals did not hold a tobacco products retailer license for 17911 Skypark Circle, Irvine, California 92614 during the period January 2019 through December 2024. Dahlen Decl. ¶6.b. | DISPUTED. Objection to Deposition of James Dahlen. Filed Concurrently Herewith. | 10. There is no genuine dispute that Ejuicesteals did not hold a tobacco products retailer license for 17911 Skypark Circle, Irvine, California 92614 during the period January 2019 through |

| | | December 2024. Dahlen Decl. ¶6.b. Defendants do not provide any evidence that disputes this fact.

Defendants' Objection to Declaration of James Dahlen should be overruled. *See* Pl. Opp'n to Defs.' Obj. |
|---|---|---|
| 13. Ejuicesteals did not hold a tobacco products retailer license for 51 Peters Canyon Road, Irvine, California 92606 during the period January 2019 through December 2024. Dahlen Decl. ¶6.a. | DISPUTED. Objection to Declaration of James Dahlen. Filed Concurrently Herewith. | 13. There is no genuine dispute that Ejuicesteals did not hold a tobacco products retailer license for 51 Peters Canyon Road, Irvine, California 92606 during the period January 2019 through December 2024. Dahlen Decl. ¶6.a. Defendants do not provide any evidence that disputes this fact.

Further, Defendants' Objection to Declaration of James Dahlen should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 16. Ejuicesteals did not hold a tobacco products retailer license during the period January 2019 through December 2024 for 2841 Unicorn Road, Suite 102, Bakersfield, California 93308. Dahlen Decl. ¶ 6.c; | DISPUTED. Objection to Declaration of James Dahlen. Filed Concurrently Herewith. | 16. There is no genuine dispute that Ejuicesteals did not hold a tobacco products retailer license during the period January 2019 through December 2024 for 2841 Unicorn Road, Suite 102, |

Plaintiff The People of The State of California's Reply in Support of Statement of Undisputed Facts in Support of Motion for Summary Judgment. J. (1:23-CV-01726-KES-CDB)

| | | |
|---|---|---|
| Ejuicesteals' Resp. to Admis., Set One, No. 2. | | Bakersfield, California 93308. Dahlen Decl. ¶ 6.c. Defendants do not provide any evidence that disputes this fact.<br><br>Defendants admitted that Ejuicesteals did not hold with CDTFA a tobacco products retailer license for 2841 Unicorn Road, Suite 102, Bakersfield, California 93308 January 2019 through December 2024. *See* Ejuicesteals' Resp. to Admis., Set One, No. 2.<br><br>Further, Defendants' Objection to Declaration of James Dahlen should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 19. Ejuicesteals did not hold a tobacco products retailer license during the period January 2019 through August 30, 2023, for 10010 Rosedale Highway, Unit 3, Bakersfield, California 93312. Dahlen Decl. ¶6.d. | DISPUTED. Objection to Deposition of James Dahlen. Filed Concurrently Herewith. *See* Declaration of Remoun Hanna. Exhibit B for a true and correct copy of license that disputes this allegation. | 19. There is no genuine dispute that Ejuicesteals did not hold a tobacco products retailer license during the period January 2019 through August 30, 2023, for 10010 Rosedale Highway, Unit 3, Bakersfield, California 93312. Dahlen Decl. ¶6.d. Defendants do not provide any evidence that disputes this fact. |

| | | Plaintiff objects to Declaration of Remon Hanna. *See* Pl.'s Obj. to Hanna Decl.<br><br>Remon Hanna Declaration Exhibit B does not create a dispute of this material fact. Remon Hanna Exhibit B shows that Ejuicesteals held a tobacco products retailer license with CDTFA for 10010 Rosedale Highway, Unit 3, Bakersfield, California 93312 location effective during the period August 31, 2023 through January 30, 2024; and January 31, 2024 through January 30, 2025. The distinction is not relevant to Plaintiff's claims and therefore are immaterial.<br><br>Further, Defendants' Objection to Declaration of James Dahlen should be overruled. *See* Pl. Resp. to Defs.' Obj. |
|---|---|---|
| 25. On July 12, 2023, at 12:40 p.m., Agent Kutz received an email from info@ejuicesteals.com in his undercover email account, | DISPUTED.<br>Objection to Declaration of Kutz, Filed Concurrently Herewith. | Defendants incorrectly represents Plaintiff's undisputed material fact number 24 as undisputed material fact number 25. |

| | | |
|---|---|---|
| vaportwo1735@gmail.com, confirming the order of Flum Ultra Disposable 1800 Puffs (violet ice), Elf Bar Disposables 5000 Puffs (black winter flavor), and Candy Barz Disposable 1500 Puffs (mango ice flavor). *Id*. at ¶9, Kutz Decl. Ex. 1. *Id*. The email also included order confirmation number 94804 and shipping method "Express Shipping + Adult Signature (2-3 days)". *Id*. The email did not include any statement regarding the "California Electronic Cigarette Excise Tax" and did not separately state the amount of California electronic cigarette excise tax collected. *Id*. | | 24. There is no genuine dispute that on July 12, 2023, at 12:40 p.m., Agent Kutz received an email from info@ejuicesteals.com in his undercover email account, vaportwo1735@gmail.com, confirming the order of Flum Ultra Disposable 1800 Puffs (violet ice), Elf Bar Disposables 5000 Puffs (black winter flavor), and Candy Barz Disposable 1500 Puffs (mango ice flavor). Kutz Decl. ¶9, Kutz Decl. Ex. 1. *Id*. The email also included order confirmation number 94804 and shipping method "Express Shipping + Adult Signature (2-3 days)". *Id*. The email did not include any statement regarding the "California Electronic Cigarette Excise Tax" and did not separately state the amount of California electronic cigarette excise tax collected. *Id*. Defendants do not provide any evidence that disputes this fact. |

Plaintiff The People of The State of California's Reply in Support of Statement of Undisputed Facts in Support of Motion for Summary Judgment. J. (1:23-CV-01726-KES-CDB)

|  |  | Further, Mr. Hanna also authenticated the evidence, including emails and images of the package, included in Kutz Declaration. *See* Hanna Dep. 133:14-148:8, Hanna. Dep. Ex. 7.<br><br>Further, Defendants' Objection to Declaration of Michael Kutz should be overruled. *See* Pl. Resp. to Defs.' Obj. |
|---|---|---|
| 26. Agent Kutz did not receive any telephone call from www.ejuicesteals.com. Kutz Decl. at ¶11. | DISPUTED.<br>Objection to Declaration of Kutz, Filed Concurrently Herewith. | 26. There is no genuine dispute that Agent Kutz did not receive any telephone call from www.ejuicesteals.com. Kutz Decl. ¶11. *See also* Hanna Dep. Ex. 7 at 12. Defendants do not provide any evidence that disputes this fact.<br><br>Defendants did not provide any evidence showing that Ejuicesteals made any telephone call to Agent Kutz.<br><br>Further, Defendants' Objection to Declaration of Michael Kutz should be overruled. *See* Pl. Resp. to Defs.' Obj. |

Plaintiff The People of The State of California's Reply in Support of Statement of Undisputed Facts in Support of Motion for Summary Judgment. J. (1:23-CV-01726-KES-CDB)

| | | |
|---|---|---|
| 27. On July 14, 2023, a delivery person dressed in uniform with writing identifying the United States Postal Service (USPS) handed a package to DOJ Crime Analyst Suzanne Barton. Barton Decl. at ¶5. The package was addressed from "Adam Johnson 10010 Rosedale Hwy, Unit 3, Bakersfield, CA 93312" to "Jeffrey Oneill 1735 E ST Fresno, CA 93706". Id. | DISPUTED. Objection to Declaration of Kutz, Filed Concurrently Herewith. | 27. There is no genuine dispute that on July 14, 2023, a delivery person dressed in uniform with writing identifying the United States Postal Service (USPS) handed a package to DOJ Crime Analyst Suzanne Barton. Barton Decl. at ¶5. The package was addressed from "Adam Johnson 10010 Rosedale Hwy, Unit 3, Bakersfield, CA 93312" to "Jeffrey Oneill 1735 E ST Fresno, CA 93706". *Id*. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Ms. Barton declared based on her personal knowledge that on July 14, 2023, a delivery person dressed in uniform with writing identifying the United States Postal Service (USPS) handed a package to her. Barton Decl. ¶5. Ms. Barton personally observed that the package was addressed from "Adam Johnson 10010 Rosedale Hwy, Unit 3, |

| | | |
|---|---|---|
| | | Bakersfield, CA 93312" to "Jeffrey Oneill 1735 E ST Fresno, CA 93706". *Id.* |
| | | Mr. Hanna also authenticated the evidence, including emails and images of the package, included in Kutz Declaration. *See* Hanna Dep. 133:14-148:8, Hanna. Dep. Ex. 7. |
| | | Ejuicesteals' own package shipment data confirm a shipment to Jeffrey Oneill in July 2023 using USPS. Thorburn Decl. Ex. 1 at 48. |
| | | Defendants admitted that Ejuicesteals used USPS to ship and deliver tobacco products to California customers during the period January 2019 through December 31, 2023. Ejuicesteals.com's Resp. to Req. for Admiss, Set One, No. 8; *See* also Hanna Dep. 155:2-21; 159:8-14, 162:17-23. |
| | | Further, Defendants' Objection to Declarations of Michael Kutz and Suzanne Barton |

12

| | | should be overruled. *See* Pl. Resp. to Defs.' Obj. |
|---|---|---|
| 28. At the time of delivery, the USPS delivery person handed the package to Barton without requesting her signature and without requesting or verifying her personal identification. Barton Decl. at ¶6. | DISPUTED. Objection to Declaration of Suzanne Barton. Filed Concurrently Herewith. | 28. There is no genuine dispute that at the time of delivery, the USPS delivery person handed the package to Ms. Barton without requesting her signature and without requesting or verifying her personal identification. Barton Decl. at ¶6. Defendants do not provide any evidence that disputes this fact.<br><br>Ejuicesteals' own package shipment data confirms shipments to Agent Kutz's undercover name Jeffrey Oneill in July 2023 using USPS that included "Delivery" but not "Adult Signature" confirmation. Thorburn Decl. Ex. 1 at 48. The same is conformed through Ejuicesteals' shipment data provided by Auctane LLC. Thorburn Decl. Ex. 7 at 168. Further, Defendants' Objection to Declaration of Suzanne Barton should be overruled. *See* Pl. Resp. to Defs.' Obj. |

Plaintiff The People of The State of California's Reply in Support of Statement of Undisputed Facts in Support of Motion for Summary Judgment. J. (1:23-CV-01726-KES-CDB)

| | | |
|---|---|---|
| 29. Immediately after the receipt of the package, Barton informed Agent Kutz of the delivery of the package. Barton Decl. at ¶7. | DISPUTED. Objection to Declaration of Suzanne Barton. Filed Concurrently Herewith. | 29. There is no genuine dispute that immediately after the receipt of the package, Barton informed Agent Kutz of the delivery of the package. Barton Decl. at ¶7. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Suzanne Barton should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 30. Barton did not open the package or make any changes to its labels. Barton Decl. at ¶ 8. | DISPUTED. Objection to Declaration of Suzanne Barton. Filed Concurrently Herewith. | 30. There is no genuine dispute that Barton did not open the package or make any changes to its labels. Barton Decl. at ¶ 8. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Suzanne Barton should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 31. That same day, Barton delivered the package to Agent Kutz and placed it on his desk located in the secure office space. Barton Decl. at ¶9. The package was completely sealed | DISPUTED. Objection to Declaration of Suzanne Barton. Filed Concurrently Herewith. | 31. There is no genuine dispute that same day, Barton delivered the package to Agent Kutz and placed it on his desk located in the secure office space. Barton Decl. at ¶9. The |

14

| | | |
|---|---|---|
| on all sides with all of the original labels attached. *Id.* | | package was completely sealed on all sides with all of the original labels attached. *Id.* Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Suzanne Barton should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 32. On July 17, 2023, Agent Kutz saw a package on his desk. Kutz Decl. at ¶15. The package was unopened and completely sealed on all sides with all the original labels attached. *Id.* The package was addressed from "Adam Johnson 10010 Rosedale Hwy, Unit 3, Bakersfield, CA 93312" to "Jeffrey Oneill 1735 E ST Fresno, CA 93706". *Id.*, Kutz Decl. Ex. 3. The package was marked "USPS Ground AdvantageTM" and included USPS Tracking # 9400 1112 0623 8169 7311 29 and stamps endicia date 7/12/2023. *Id.* | DISPUTED.<br>Objection to Declaration of Suzanne Barton . Filed Concurrently Herewith. | 32. There is no genuine dispute that on July 17, 2023, Agent Kutz saw a package on his desk. Kutz Decl. at ¶15. The package was unopened and completely sealed on all sides with all the original labels attached. *Id.* The package was addressed from "Adam Johnson 10010 Rosedale Hwy, Unit 3, Bakersfield, CA 93312" to "Jeffrey Oneill 1735 E ST Fresno, CA 93706". *Id.*, Kutz Decl. Ex. 3. The package was marked "USPS Ground AdvantageTM" and included USPS Tracking # 9400 1112 0623 8169 7311 29 and stamps endicia date 7/12/2023. *Id.* Defendants do not provide any evidence that disputes this fact. |

| | | |
|---|---|---|
| | | Further, Defendants' Objection to Declarations of Suzanne Barton and Michael Kutz should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 33. The package did not include any writing or label containing the following: "CIGARETTES/NICOTINE/SMOKELESS TOBACCO: FEDERAL LAW REQUIRES THEPAYMENT OF ALL APPLICABLE EXCISE TAXES, AND COMPLIANCE WITH APPLICABLE LICENSING AND TAX-STAMPING OBLIGATIONS". Kutz Decl. at ¶ 16. | DISPUTED. Objection to Declaration of Suzanne Barton. Filed Concurrently Herewith. | 33. There is no genuine dispute that the package did not include any writing or label containing the following: "CIGARETTES/NICOTINE/SMOKELESS TOBACCO: FEDERAL LAW REQUIRES THEPAYMENT OF ALL APPLICABLE EXCISE TAXES, AND COMPLIANCE WITH APPLICABLE LICENSING AND TAX-STAMPING OBLIGATIONS". Kutz. Decl. at ¶ 16, Kutz Decl. Ex. 3. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declarations of Suzanne Barton and Michael Kutz should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 34. The package did not include any writing or label containing the following: "CONTAINS | DISPUTED. | 34. There is no genuine dispute that the package did not include any writing or label |

| | | |
|---|---|---|
| TOBACCO PRODUCTS: SIGNATURE OF PERSON 21 YEARS OF AGE OR OLDER REQUIRED FOR DELIVERY." Kutz Decl. at ¶17. | Objection to Declaration of Suzanne Barton. Filed Concurrently Herewith. | containing the following: "CONTAINS TOBACCO PRODUCTS: SIGNATURE OF PERSON 21 YEARS OF AGE OR OLDER REQUIRED FOR DELIVERY." Kutz Decl. at ¶17, Kutz Decl. Ex. 3. Defendants do not provide any evidence that disputes this fact. Defendants' Objection to Declarations of Suzanne Barton and Michael Kutz should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 35. The package did not include any other labels or writing identifying that it contains tobacco products. Kutz. Decl. at ¶18. | DISPUTED. Objection to Declaration of Suzanne Barton. Filed Concurrently Herewith. | 35. There is no genuine dispute that the package did not include any other labels or writing identifying that it contains tobacco products. Kutz Decl. at ¶18. Defendants do not provide any evidence that disputes this fact. Further, Defendants' Objection to Declarations of Suzanne Barton and Michael Kutz should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 36. Agent Kutz opened the package, and inside were e- | DISPUTED. | 36. There is no genuine dispute that Agent Kutz opened the |

17

| | | |
|---|---|---|
| cigarettes Elf Bar Disposables 5000 Puffs (black winter), Flum Ultra Disposable 1800 Puffs (violet ice), and Candy Barz Disposable 1500 Puffs (mango ice). *Id*. at ¶19, Kutz Decl. Ex. 4. | Objection to Declaration of Michael Kutz. Filed Concurrently Herewith. | package, and inside were e-cigarettes Elf Bar Disposables 5000 Puffs (black winter), Flum Ultra Disposable 1800 Puffs (violet ice), and Candy Barz Disposable 1500 Puffs (mango ice). Kutz Decl. at ¶19, Kutz Decl. Ex. 4. Defendants do not provide any evidence that disputes this fact. Further, Defendants' Objection to Declaration of Michael Kutz should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 37. The package also included a "Packing Slip" that was addressed from 10010 Rosedale Hwy, Unit 3, Bakersfield, CA 93312 to Jeffrey Oneill 1735 E ST Fresno, CA 937-2008 US, and included order number 94804 and date 7/12/2023. Kutz Decl. at ¶20, Kutz Decl. Ex. 5. The Packing Slip included a description of items: Elf Bar Disposables 5000 Puffs (black winter), Flum Ultra Disposable 1800 Puffs (violet ice), and Candy Barz Disposable 1500 Puffs (mango ice). *Id*. | DISPUTED. Objection to Declaration of Michael Kutz. Filed Concurrently Herewith. | 37. There is no genuine dispute that the package also included a "Packing Slip" that was addressed from 10010 Rosedale Hwy, Unit 3, Bakersfield, CA 93312 to Jeffrey Oneill 1735 E ST Fresno, CA 937-2008 US, and included order number 94804 and date 7/12/2023. *Id*. at ¶20, Kutz Decl. Ex. 5. Defendants do not provide any evidence that disputes this fact. Further, Defendants' Objections to Declaration of |

| | | Michael Kutz should be overruled. *See* Pl. Resp. to Defs.' Obj. |
|---|---|---|
| 38. The Packing Slip did not include the statement "California Electronic Cigarette Excise Tax" and did not separately state the amount of California electronic cigarette excise tax collected. Kutz Decl. at ¶21. | DISPUTED. Objection to Declaration of Michael Kutz. Filed Concurrently Herewith. | 38. There is no genuine dispute that the Packing Slip did not include the statement "California Electronic Cigarette Excise Tax" and did not separately state the amount of California electronic cigarette excise tax collected. Kutz Decl. at ¶21; Kutz Decl. Ex 5. Defendants do not provide any evidence that disputes this fact.<br><br>Defendants' Objection to Declaration of Michael Kutz should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 39. The package did not include any other documents. Kutz Decl. at ¶22. | DISPUTED. Objection to Declaration of Michael Kutz. Filed Concurrently Herewith. | 39. There is no genuine dispute that the package did not include any other documents. Kutz. Decl. at ¶22. Defendants do not provide any evidence that disputes this fact.<br><br>Mr. Hanna admitted that prior to the beginning of 2024, a packing slip was the only document included inside the |

| | | |
|---|---|---|
| | | packages Ejuicesteals mailed and delivered to its customers. *See* Hanna Dep. 147:18-148:2.<br><br>Further, Defendants' Objection to Declaration of Michael Kutz should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 40. On October 3, 2023, at 02:43 p.m., DOJ Special Agent Christopher Galpin visited www.ejuicesteals.com to make an undercover purchase of tobacco products. Galpin Decl. ¶5. | DISPUTED. Objection to Declaration of Christopher Galpin. Filed Concurrently Herewith. | 40. There is no genuine dispute that on October 3, 2023, at 02:43 p.m., DOJ Special Agent Christopher Galpin visited www.ejuicesteals.com to make an undercover purchase of tobacco products. Galpin Decl. ¶5. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Michael Kutz should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 41. Agent Galpin used an undercover and fictitious identity, Jeffrey Oneill, supported with a valid California driver's license, and an undercover email account, vaportwo1735@gmail.com, to place an order from | DISPUTED. Objection to Declaration of Christopher Galpin. Filed Concurrently Herewith. | 41. There is no genuine dispute that Agent Galpin used an undercover and fictitious identity, Jeffrey Oneill, supported with a valid California driver's license, and an undercover email account, vaportwo1735@gmail.com, to |

Plaintiff The People of The State of California's Reply in Support of Statement of Undisputed Facts in Support of Motion for Summary Judgment. J. (1:23-CV-01726-KES-CDB)

| | | |
|---|---|---|
| www.ejuicesteals.com. Galpin Decl. at ¶6. | | place an order from www.ejuicesteals.com. Galpin Decl. at ¶6. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Christopher Galpin should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 42. Agent Galpin successfully placed the order on www.ejuicesteals.com for a flavored disposable e-cigarette device Truly Bar Elf Bar Disposable 5000 Puffs (watermelon grape aloe), to be delivered to Jeffrey Oneill at 1735 E Street, Fresno, CA 93706. Galpin Decl. at ¶7. | DISPUTED. Objection to Declaration of Christopher Galpin. Filed Concurrently Herewith. | 42. There is no genuine dispute that Agent Galpin successfully placed the order on www.ejuicesteals.com for a flavored disposable e-cigarette device Truly Bar Elf Bar Disposable 5000 Puffs (watermelon grape aloe), to be delivered to Jeffrey Oneill at 1735 E Street, Fresno, CA 93706. Galpin Decl. at ¶7. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Christopher Galpin should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 43. Agent Galpin paid for the order with a pre-paid Visa debit card. Galpin Decl. at ¶8. This | DISPUTED. | 43. There is no genuine dispute that Agent Galpin paid for the order with a pre-paid Visa |

21

| | | |
|---|---|---|
| prepaid Visa debit card was not associated with Agent Galpin's undercover identity, or with any other person's personal identifying information, such as name, address, or date of birth. *Id*. at ¶8. | Objection to Declaration of Christopher Galpin. Filed Concurrently Herewith. | debit card. Galpin Decl. at ¶8. This prepaid Visa debit card was not associated with Agent Galpin's undercover identity, or with any other person's personal identifying information, such as name, address, or date of birth. *Id*. at ¶8. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Christopher Galpin should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 44. On October 3, 2023, at 2:46 p.m., Agent Galpin received an email from info@ejuicesteals.com to his undercover email account, vaportwo1735@gmail.com, confirming his order of Truly Bar Elf Bar Disposable 5000 Puffs (watermelon grape aloe) e-cigarette. Galpin Decl. at ¶9, Galpin Decl. Ex. 1. The email also included order confirmation number 97135 and shipping method "Express Shipping + Adult Signature (2-3 | DISPUTED. Objection to Declaration of Christopher Galpin. Filed Concurrently Herewith. | 44. There is no genuine dispute that on October 3, 2023, at 2:46 p.m., Agent Galpin received an email from info@ejuicesteals.com to his undercover email account, vaportwo1735@gmail.com, confirming his order of Truly Bar Elf Bar Disposable 5000 Puffs (watermelon grape aloe) e-cigarette. Galpin Decl. at ¶9, Galpin Decl. Ex. 1. The email also included order confirmation number 97135 and shipping method "Express |

| | | |
|---|---|---|
| days)". Id. The email did not include any statement regarding the "California Electronic Cigarette Excise Tax" and did not separately state the amount of California electronic cigarette excise tax collected. *Id*. | | Shipping + Adult Signature (2-3 days)". *Id*. The email did not include any statement regarding the "California Electronic Cigarette Excise Tax" and did not separately state the amount of California electronic cigarette excise tax collected. *Id*. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Christopher Galpin should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 45. On October 3, 2023, at 3:26 p.m., Agent Galpin received an email to his undercover email account, vaportwo1735@gmail.com, from tracking@shipstation.com stating the following: "Dear Jeffrey Oneill, Thank you for your order from EJUICESTEALS! We wanted to let you know that your order (#97135) was shipped via USPS, USPS First Class Mail on 10/3/2023. You can track your package at any time using | DISPUTED.<br>Objection to Declaration of Christopher Galpin. Filed Concurrently Herewith. | 45. There is no genuine dispute that on October 3, 2023, at 3:26 p.m., Agent Galpin received an email to his undercover email account, vaportwo1735@gmail.com, from tracking@shipstation.com stating the following: "Dear Jeffrey Oneill, Thank you for your order from EJUICESTEALS! We wanted to let you know that your order (#97135) was shipped via USPS, USPS First Class Mail |

Plaintiff The People of The State of California's Reply in Support of Statement of Undisputed Facts in Support of Motion for Summary Judgment. J. (1:23-CV-01726-KES-CDB)

| | | |
|---|---|---|
| the link below." Galpin Decl. at ¶10, Galpin Decl. Ex. 2. The email included the description of products in the shipment: Truly Bar Elf Bar Disposable 5000 Puffs (watermelon grape aloe). *Id*. The email also included a shipment tracking number: 9400 1112 0623 8737 1128 31. *Id*. | | on 10/3/2023. You can track your package at any time using the link below." Galpin Decl. at ¶10, Galpin Decl. Ex. 2. The email included the description of products in the shipment: Truly Bar Elf Bar Disposable 5000 Puffs (watermelon grape aloe). *Id*. The email also included a shipment tracking number: 9400 1112 0623 8737 1128 31. *Id*. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Christopher Galpin should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 46. Agent Galpin did not receive any telephone call from www.ejuicesteals.com. Galpin Decl. at ¶11. | DISPUTED. Objection to Declaration of Christopher Galpin. Filed Concurrently Herewith. | 46. There is no genuine dispute that Agent Galpin did not receive any telephone call from www.ejuicesteals.com. Galpin Decl. at ¶11. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Christopher |

24

| | | |
|---|---|---|
| | | Galpin should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 47. On October 5, 2023, Administrative Specialist Maria Rojas transferred the package to Agent Galpin completely sealed on all sides with all the original labels attached. Id. at ¶ 8. Agent Galpin learned that the USPS delivery person delivered the package to Ms. Rojas and that she did not have to sign for the delivery of the package. Galpin Decl. at ¶12. | DISPUTED. Objection to Declaration of Christopher Galpin. Filed Concurrently Herewith. | 47. There is no genuine dispute that on October 5, 2023 Agent Galpin received from Administrative Specialist Maria Roja the completely sealed package.<br><br>Ejuicesteals' own package shipment data confirms shipments to Agent Galpin's undercover name Jeffrey Oneill in October 2023 using USPS that included "Delivery" but not "Adult Signature" confirmation. Thorburn Decl. Ex. 1 at 55. The same is conformed through Ejuicesteals' shipment data provided by Auctane LLC. Thorburn Decl. Ex. 7 at 196. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Christopher Galpin should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 48. On October 5, 2023, Agent Galpin took possession of the | DISPUTED. | 48. There is no genuine dispute that on October 5, 2023, Agent |

| | | |
|---|---|---|
| package. Galpin Decl. at ¶12. The package was addressed from "Adam Johnson 10010 Rosedale Hwy, Unit 3, Bakersfield, CA 93312" to "Jeffrey Oneill 1735 E ST Fresno, CA 93706". *Id*. The package was completely sealed on all sides with all the original labels attached. *Id*. The package was marked "USPS Ground AdvantageTM" and included USPS Tracking # 9400 1112 0623 8737 1128 31. *Id*., Galpin Decl. Ex. 3. | Objection to Declaration of Christopher Galpin. Filed Concurrently Herewith. | Galpin took possession of the package. Galpin Decl. at ¶12. There is no dispute that the package was addressed from "Adam Johnson 10010 Rosedale Hwy, Unit 3, Bakersfield, CA 93312" to "Jeffrey Oneill 1735 E ST Fresno, CA 93706". *Id*. There is no dispute that the package was completely sealed on all sides with all the original labels attached. *Id*. The package was marked "USPS Ground AdvantageTM" and included USPS Tracking # 9400 1112 0623 8737 1128 31. *Id*., Galpin Decl. Ex. 3. Defendants do not provide any evidence that disputes this fact. Further, Defendants' Objection to Declaration of Christopher Galpin should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 49. The package did not include any writing or label containing the following: "CIGARETTES/NICOTINE/SMOKELESS TOBACCO: FEDERAL LAW REQUIRES | DISPUTED. Objection to Declaration of Christopher Galpin. Filed Concurrently Herewith. | 49. There is no genuine dispute that the package did not include any writing or label containing the following: "CIGARETTES/NICOTINE/SMOKELESS TOBACCO: |

| | | |
|---|---|---|
| THE PAYMENT OF ALL APPLICABLE EXCISE TAXES, AND COMPLIANCE WITH APPLICABLE LICENSING AND TAX-STAMPING OBLIGATIONS". Galpin Decl. at ¶14. | | FEDERAL LAW REQUIRES THE PAYMENT OF ALL APPLICABLE EXCISE TAXES, AND COMPLIANCE WITH APPLICABLE LICENSING AND TAX-STAMPING OBLIGATIONS". Galpin Decl. at ¶14, Galpin Decl. Ex. 3. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Christopher Galpin should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 50. The package did not include any writing or label containing the following: "CONTAINS TOBACCO PRODUCTS: SIGNATURE OF PERSON 21 YEARS OF AGE OR OLDER REQUIRED FOR DELIVERY." Galpin Decl. at ¶15. | DISPUTED. Objection to Declaration of Christopher Galpin. Filed Concurrently Herewith. | 50. There is no genuine dispute that the package did not include any writing or label containing the following: "CONTAINS TOBACCO PRODUCTS: SIGNATURE OF PERSON 21 YEARS OF AGE OR OLDER REQUIRED FOR DELIVERY." Galpin Decl. at ¶15, Galpin Decl. Ex. 3. Defendants do not provide any evidence that disputes this fact. |

| | | |
|---|---|---|
| | | Further, Defendants' Objection to Declaration of Christopher Galpin should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 52. Agent Galpin opened the package, and inside was Truly Bar Elf Bar Disposable 5000 Puffs (watermelon grape aloe) e- cigarette. Galpin Decl. ¶17. Galpin Decl. Ex. 4. | DISPUTED. Objection to Declaration of Christopher Galpin. Filed Concurrently Herewith. | 52. There is no genuine dispute that Agent Galpin opened the package, and inside was Truly Bar Elf Bar Disposable 5000 Puffs (watermelon grape aloe) e-cigarette. Galpin Decl. ¶17. Galpin Decl. Ex. 4. Defendants do not provide any evidence that disputes this fact. Further, Defendants' Objection to Declaration of Christopher Galpin should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 53. The package also included a "Packing Slip" that was addressed from 10010 Rosedale Hwy, Unit 3, Bakersfield, CA 93312 to Jeffrey Oneill 1735 E ST Fresno, CA 937-2008 US, and included order number 97135 and date 10/3/2023. Galpin Decl. ¶18, Galpin Decl. Ex. 5. The Packing Slip included a description of items: Truly Bar Elf Bar Disposable 5000 Puffs (watermelon grape aloe). Id. The Packing Slip did | DISPUTED. Objection to Declaration of Christopher Galpin. Filed Concurrently Herewith. | 53. There is no genuine dispute that the package also included a "Packing Slip" that was addressed from 10010 Rosedale Hwy, Unit 3, Bakersfield, CA 93312 to Jeffrey Oneill 1735 E ST Fresno, CA 937-2008 US, and included order number 97135 and date 10/3/2023. Galpin Decl. ¶18, Galpin Decl. Ex. 5. The Packing Slip included a description of items: Truly Bar Elf Bar Disposable 5000 Puffs |

Plaintiff The People of The State of California's Reply in Support of Statement of Undisputed Facts in Support of Motion for Summary Judgment. J. (1:23-CV-01726-KES-CDB)

| | | |
|---|---|---|
| not include a statement "California Electronic Cigarette Excise Tax" and did not separately state the amount of California electronic cigarette excise tax collected. Galpin Decl. ¶19. | | (watermelon grape aloe). *Id.* The Packing Slip did not include a statement "California Electronic Cigarette Excise Tax" and did not separately state the amount of California electronic cigarette excise tax collected. Galpin Decl. ¶19. Defendants do not provide any evidence that disputes this fact. Further, Defendants' Objection to Declaration of Christopher Galpin should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 54. The package did not include any other documents. Galpin Decl. ¶20. | DISPUTED. Objection to Declaration of Christopher Galpin. Filed Concurrently Herewith. | 54. There is no genuine dispute that the package did not include any other documents. Galpin Decl. ¶20. Defendants do not provide any evidence that disputes this fact. Further, Defendants' Objection to Further, Defendants' Objection to Declaration of Christoper Galpin should be overruled. *See* Plaintiff's Opposition to Objections. |
| 56. Ejuicesteals did not file a CECET return with the California Department of Tax | DISPUTED. | 56. There is no genuine dispute that Ejuicesteals did not file a CECET return with the |

29

| | | |
|---|---|---|
| and Fee Administration ("CDTFA") on or before October 31, 2022, for the period July 1, 2022 through September 30, 2022. Dahlen Decl. ¶7.a. | Objection to Declaration of James Dahlen. Filed Concurrently Herewith. | California Department of Tax and Fee Administration ("CDTFA") on or before October 31, 2022, for the period July 1, 2022 through September 30, 2022. Dahlen Decl. ¶7.a. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of James Dahlen should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 57. Defendant Ejuicesteals did not file a CECET return with CDTFA on or before January 30, 2023, for the period October 1, 2022 through December 31, 2022. Dahlen Decl. ¶7.a. | DISPUTED.<br>Objection to Declaration of James Dahlen. Filed Concurrently Herewith. | 57. There is no genuine dispute that Defendant Ejuicesteals did not file a CECET return with CDTFA on or before January 30, 2023, for the period October 1, 2022 through December 31, 2022. Dahlen Decl. ¶7.a. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of James Dahlen should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 58. Ejuicesteals did not file a CECET return with CDTFA on | DISPUTED. | 58. There is no genuine dispute that Ejuicesteals did not file a |

| | | |
|---|---|---|
| or before April 30, 2023, for the period January 1, 2023 through March 31, 2023. Dahlen Decl. ¶7.a. | Objection to Declaration of James Dahlen. Filed Concurrently Herewith. | CECET return with CDTFA on or before April 30, 2023, for the period January 1, 2023 through March 31, 2023. Dahlen Decl. ¶7.a. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of James Dahlen should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 59. Ejuicesteals did not file a CECET return with CDTFA on or before July 31, 2023, for the period March 1, 2023 through June 30, 2023. Dahlen Decl. ¶7.a. | DISPUTED. Objection to Declaration of James Dahlen. Filed Concurrently Herewith. | 59. There is no genuine dispute that Ejuicesteals did not file a CECET return with CDTFA on or before July 31, 2023, for the period March 1, 2023 through June 30, 2023. Dahlen Decl. ¶7.a. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of James Dahlen should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 60. Ejuicesteals did not file a CECET return with CDTFA on or before October 31, 2023, for the period July 1, 2023 through | DISPUTED. Objection to Declaration of James Dahlen. Filed Concurrently Herewith. | 59. There is no genuine dispute that Ejuicesteals did not file a CECET return with CDTFA on or before July 31, 2023, for the period March 1, 2023 |

31

| | | |
|---|---|---|
| September 30, 2023. Dahlen Decl. ¶7.a. | | through June 30, 2023. Dahlen Decl. ¶7.a. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of James Dahlen should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 61. Ejuicesteals did not pay CECET to CDTFA on or before October 31, 2022, for the period July 1, 2022 through September 30, 2022. Dahlen Decl. ¶7.b. | DISPUTED.<br>Objection to Declaration of James Dahlen. Filed Concurrently Herewith. | 61. There is no genuine dispute that Ejuicesteals did not pay CECET to CDTFA on or before October 31, 2022, for the period July 1, 2022 through September 30, 2022. Dahlen Decl. ¶7.b. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of James Dahlen should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 62. Ejuicesteals did not pay CECET to CDTFA on or before January 30, 2023, for the period October 1, 2022 through December 31, 2022. Dahlen Decl. ¶7.b. | DISPUTED.<br>Objection to Declaration of James Dahlen. Filed Concurrently Herewith. | 62. There is no genuine dispute that Ejuicesteals did not pay CECET to CDTFA on or before January 30, 2023, for the period October 1, 2022 through December 31, 2022. Dahlen Decl. ¶7.b. Defendants |

| | | do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of James Dahlen should be overruled. *See* Pl. Resp. to Defs.' Obj. |
|---|---|---|
| 63. Ejuicesteals did not pay CECET to CDTFA on or before April 30, 2023, for the period January 1, 2023 through March 31, 2023. Dahlen Decl. ¶7.b. | DISPUTED. Objection to Declaration of James Dahlen. Filed Concurrently Herewith. | 63. There is no genuine dispute that Ejuicesteals did not pay CECET to CDTFA on or before April 30, 2023, for the period January 1, 2023 through March 31, 2023. Dahlen Decl. ¶7.b. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of James Dahlen should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 64. Ejuicesteals did not pay CECET to CDTFA on or before July 31, 2023, for the period March 1, 2023 through June 30, 2023. Dahlen Decl. ¶7.b. | DISPUTED. Objection to Declaration of James Dahlen. Filed Concurrently Herewith. | 64. There is no genuine dispute that Ejuicesteals did not pay CECET to CDTFA on or before July 31, 2023, for the period March 1, 2023 through June 30, 2023. Dahlen Decl. ¶7.b. Defendants do not provide any evidence that disputes this fact. |

| | | |
|---|---|---|
| | | Further, Defendants' Objection to Declaration of James Dahlen should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 65. Ejuicesteals did not pay CECET to CDTFA on or before October 31, 2023, for the period July 1, 2023 through September 30, 2023. Dahlen Decl. ¶7.b. | DISPUTED. Objection to Declaration of James Dahlen. Filed Concurrently Herewith. | 65. There is no genuine dispute that Ejuicesteals did not pay CECET to CDTFA on or before October 31, 2023, for the period July 1, 2023 through September 30, 2023. Dahlen Decl. ¶7.b. Defendants do not provide any evidence that disputes this fact. Further, Defendants' Objection to Declaration of James Dahlen should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 66. Ejuicesteals did not include a statement regarding the "California Electronic Cigarette Excise Tax" and did not separately state the amount of CECET collected in receipts or other documents provided to California customers during the period July 2022 through December 2023. Hanna Dep. 135:16--136:3, 149:3-8; *see also* Kutz Decl. ¶¶9, 21; Galpin Decl. ¶¶9, 19. | DISPUTED. Depo of Hanna says differently. A.· No.· In December 2023, that was -- I got confused about other things, but -- so the call and the text message I start this in 2020, but for having the separate invoices with a text included on the invoice inside the package, that's when I start to do it from the end of 2023. Hanna Dec. 149: 3-8. | 66. There is no genuine dispute that Ejuicesteals did not include a statement regarding the "California Electronic Cigarette Excise Tax" and did not separately state the amount of CECET collected in receipts or other documents provided to California customers during the period July 2022 through December 2023. Hanna Dep. 135:16--136:3, 149:3-8; *see also* Kutz Decl. ¶¶9, 21; Galpin Decl. ¶¶9, 19. |

Plaintiff The People of The State of California's Reply in Support of Statement of Undisputed Facts in Support of Motion for Summary Judgment. J. (1:23-CV-01726-KES-CDB)

| | | |
|---|---|---|
| | Objection to Declaration of Michael Kutz. Filed Concurrently Herewith. Objection to Declaration of Christopher Galpin. Filed Concurrently Herewith. | Defendants do not provide any evidence that disputes this fact. Further, Defendants' Objection to Declarations of Michael Kutz and Chris Galpin should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 71. After each person placed an order on www.ejuicesteals.com, BlueCheck attempted to verify the age of each person by matching the person's name and address to publicly available databases using proprietary algorithms/protocols. Zeig Decl. ¶8. | NOT DISPUTED. Objection to Declaration of Alex Zieg. Filed Concurrently Herewith. | 71. This fact is submitted as undisputed. To be sure, there is no genuine dispute that after each person placed an order on www.ejuicesteals.com, BlueCheck attempted to verify the age of each person by matching the person's name and address to publicly available databases using proprietary algorithms/ protocols. Zeig Decl. ¶8. Defendants do not provide any evidence that disputes this fact. Further, Defendants' Objection to Declaration of Alex Zeig should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 72. At the completion of the age verification process, BlueCheck returned a response to Ejuicesteals whether the person | NOT DISPUTED. Objection to Declaration of Alex Zieg. Filed Concurrently Herewith. | 72. This fact is submitted as undisputed. To be sure, there is no genuine dispute that at the completion of the age |

Plaintiff The People of The State of California's Reply in Support of Statement of Undisputed Facts in Support of Motion for Summary Judgment. J. (1:23-CV-01726-KES-CDB)

| | | |
|---|---|---|
| who placed an order could be verified to be the age required by Ejuicesteals. Zeig Decl. ¶9. | | verification process, BlueCheck returned a response to Ejuicesteals whether the person who placed an order could be verified to be the age required by Ejuicesteals. Zeig Decl. ¶9. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Alex Zeig should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 73. Persons who could not be verified were labeled by BlueCheck to have "failed age verification." Zeig Decl. ¶9. | NOT DISPUTED. Objection to Declaration of Alex Zieg. Filed Concurrently Herewith. | 73. This fact is submitted as undisputed. To be sure, there is no genuine dispute that persons who could not be verified were labeled by BlueCheck to have "failed age verification." Zeig Decl. ¶9. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Alex Zeig should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 74. Through January 9, 2020, BlueCheck used below 21 as the minimum age to verify that | NOT DISPUTED. | 74. This fact is submitted as undisputed. To be sure, there is no genuine dispute that |

Plaintiff The People of The State of California's Reply in Support of Statement of Undisputed Facts in Support of Motion for Summary Judgment. J. (1:23-CV-01726-KES-CDB)

| | | |
|---|---|---|
| Ejuicesteals' customers were of legal age to purchase tobacco products. Hanna Dep. 68:1-70:12, 72:3-73:23; Hanna Dep. Ex. 2. | Objection to Declaration of Alex Zieg. Filed Concurrently Herewith. | through January 9, 2020, BlueCheck used below 21 as the minimum age to verify that Ejuicesteals' customers were of legal age to purchase tobacco products. Hanna Dep. 68:1- 70:12, 72:3-73:23; Hanna Dep. Ex. 2. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Alex Zeig should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 76. BlueCheck age verification data shows 3,785 California customers placed orders on Ejuicesteals' website before BlueCheck attempted to verify their age during the period February 19, 2019 through June 7, 2020. Thorburn Dec. ¶36, Thorburn Dec. Ex. 8. | DISPUTED.<br>Objection to Declaration of Xiomara Thorburn. Filed Concurrently Herewith. See Declaration of Remoun Hanna. This | 76. There is no genuine dispute that BlueCheck age verification data shows 3,785 California customers placed orders on Ejuicesteals' website before BlueCheck attempted to verify their age during the period February 19, 2019 through June 7, 2020. Thorburn Dec. ¶36, Thorburn Dec. Ex. 8. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Xiomara |

Plaintiff The People of The State of California's Reply in Support of Statement of Undisputed Facts in Support of Motion for Summary Judgment. J. (1:23-CV-01726-KES-CDB)

| | | |
|---|---|---|
| | | Thorburn should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 77. BlueCheck age verification data shows 3,686 California customers who placed orders on Ejuicesteals' website before BlueCheck attempted to verify their age during the period February 19, 2029 through January 6, 2020. Thorburn Dec. ¶37, Thorburn Dec. Ex. 8. | DISPUTED. Objection to Declaration of Xiomara Thorburn. Filed Concurrently Herewith. | 77. There is no genuine dispute that BlueCheck age verification data shows 3,686 California customers who placed orders on Ejuicesteals' website before BlueCheck attempted to verify their age during the period February 19, 2029 through January 6, 2020. Thorburn Dec. ¶37, Thorburn Dec. Ex. 8. Defendants do not provide any evidence that disputes this fact. Further, Defendants' Objection to Declaration of Xiomara Thorburn should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 78. BlueCheck age verification data shows 47 California customers who placed orders on Ejuicesteals' website but later failed age verification by BlueCheck because those customers were "underage". Thorburn Dec. ¶38, Thorburn Dec. Ex. 9. | DISPUTED. Objection to Declaration of Xiomara Thorburn. Filed Concurrently Herewith. The 47 alleged transfers were declined after Bluecheck failed the age verification. Exhibit 9, shows that the transfers were not sent. Additionally, the Defendants declaration Exhibit A, | 78. There is no genuine dispute that 47 California customers who placed orders on Ejuicesteals' website later failed age verification by BlueCheck because those customers were "underage". Thorburn Dec. ¶38, Thorburn Decl. Ex. 9. Defendants do not provide any evidence that disputes this fact. |

| | | |
|---|---|---|
| | supports this allegation. Exhibit A, serves as a critical exhibit in opposition to the Motion for Summary Judgment. It demonstrates that the assertions made in the Declaration of Xiomara Thorburn are inaccurate and unsupported by the evidence. Specifically, the exhibit provides proof that the transactions cited as the basis for alleged liability were, in fact, canceled. The document references specific line numbers and corresponding Bates-stamped pages to substantiate its claims. These references highlight instances where age verification failed, resulting in the rejection of transactions, thereby negating the alleged delivery of tobacco products to underage individuals. The exhibit further underscores that no statutory penalties are owed, as the transactions in question did | Plaintiff objects to Declaration of Remon Hanna. *See* Pl.'s Obj. to Hanna Decl.

Documents in Remon Hanna Declaration Exhibit A have not been produced during discovery and should be excluded pursuant Federal Rule of Civil Procedure 37(c)(1). *See* Pl.'s Obj. to Hanna Decl.

Further, Defendants' Objection to Declaration of Xiomara Thorburn should be overruled. *See* Pl. Resp. to Defs.' Obj. |

Plaintiff The People of The State of California's Reply in Support of Statement of Undisputed Facts in Support of Motion for Summary Judgment. J. (1:23-CV-01726-KES-CDB)

| | | |
|---|---|---|
| | not result in completed sales or deliveries. This evidence directly challenges the credibility of the claims made in the Declaration of Xiomara Thorburn and supports the argument that there is no genuine issue of material fact warranting summary judgment in favor of the moving party. | |
| 81. Ejuicesteals used Auctane LLC ("Auctane") services, including Auctane's subsidiaries ShipStation and Stamps.com, to create labels Ejuicesteals attached to packages containing tobacco products shipped to its customers. Hanna Dep. 122: 1-25, 123:7-9, 137:1-23, 139: 14-19, 164:16-19; Olortegui Decl. ¶¶4-5. | NOT DISPUTED Objection to Declaration of Giovanni Orlortegui. Filed Concurrently Herewith. | 81. This fact is submitted as undisputed. To be sure, there is no genuine dispute that Ejuicesteals used Auctane LLC ("Auctane") services, including Auctane's subsidiaries ShipStation and Stamps.com, to create labels Ejuicesteals attached to packages containing tobacco products shipped to its customers. Hanna Dep. 122: 1-25, 123:7-9, 137:1-23, 139: 14-19, 164:16-19; Olortegui Decl. ¶¶4-5. Defendants do not provide any evidence that disputes this fact. |

| | | Further, Defendants' Objections to Declaration of Giovanni Orlortegui should be overruled. *See* Pl. Resp. to Defs.' Obj. |
|---|---|---|
| 82. Ejuicesteals used Auctane services to purchase package postage. Hanna Dep. 122:18-25; Olortegui Decl. ¶6. | NOT DISPUTED Objection to Declaration of Giovanni Orlortegui. Filed Concurrently Herewith. | 82. This fact is submitted as undisputed. To be sure, there is no genuine dispute that Ejuicesteals used Auctane services to purchase package postage. Hanna Dep. 122:18-25; Olortegui Decl. ¶6. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objections to Declaration of Giovanni Orlortegui should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 83. Ejuicesteals used Auctane services to purchase shipment and delivery services through USPS. Olortegui Decl. ¶6; Hanna Dep. 122:18-123:9. | NOT DISPUTED Objection to Declaration of Giovanni Orlortegui. Filed Concurrently Herewith. | 83. This fact is submitted as undisputed. To be sure, there is no genuine dispute that Ejuicesteals used Auctane services to purchase shipment and delivery services through USPS. Olortegui Decl. ¶6; Hanna Dep. 122:18-123:9. Defendants do not provide any evidence that disputes this fact. |

|  |  | Further, Defendants' Objection to Declaration of Giovanni Orlortegui should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| --- | --- | --- |
| 86. The price for the method of delivery with the adult signature service was higher than the price for other methods of package delivery services. Hanna Dep. 124:2-5; Thorburn Decl. ¶10. | NOT DISPUTED. Objection to Declaration of Xiomara Thorburn.[1] Filed Concurrently Herewith. | 86. This fact is submitted as undisputed. To be sure, there is no genuine dispute that the price for the method of delivery with the adult signature service was higher than the price for other methods of package delivery services. Hanna Dep. 124:2-5; Thorburn Decl. ¶10. Defendants do not provide any evidence that disputes this fact.  Further, Defendants' Objection to Declaration of Xiomara Thorburn should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 87. Purchasing the adult signature package delivery service was the only method Ejuicesteals used for verifying that the customers receiving the package containing tobacco | DISPUTED. Objection. ·Q.· Your answer is, this is what -- there was no other communication in addition to the purchase of adult signature service; is that | 87. There is no genuine dispute that purchasing the adult signature package delivery service was the only method Ejuicesteals used for verifying that the customers receiving the package containing tobacco |

[1] Several references in Defendants' statement of disputed facts misspelled Xiomara Thorburn as "Xiorama" Thorburn. Plaintiff's reply includes the correct spelling to avoid creating any confusion.

| | | |
|---|---|---|
| products were 21 years or older. Hanna Dep. 126:1-4. | correct? A.· Correct, correct, yes. Hanna Dep. 126:1-4. | products were 21 years or older. Hanna Dep. 126:1-4. Defendants do not provide any evidence that disputes this fact. |
| 90. Auctane provided package labeling and postage purchase services to Ejuicesteals and Mr. Hanna under the account/meter number 10551455 and the account/meter number 10702396. Olortegui Decl. ¶ 5. Defendants opened the account/meter number 10551455 starting in April 2019 and the account/meter number 107022396 starting in July 2019. Olortegui Decl. ¶6. | DISPUTED. Objection to Declaration of Giovanni Orlortegui. Filed Concurrently Herewith. | 90. There is no genuine dispute that Auctane provided package labeling and postage purchase services to Ejuicesteals and Mr. Hanna under the account/meter number 10551455 and the account/meter number 10702396. Olortegui Decl. ¶ 5. Defendants opened the account/meter number 10551455 starting in April 2019 and the account/meter number 107022396 starting in July 2019. Olortegui Decl. ¶6. Defendants do not provide any evidence that disputes this fact. Further, Defendants' Objection to Declaration of Giovanni Orlortegui should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 91. Auctane shipment data for Ejuicesteals shows 671 shipments to California customers using USPS | DISPUTED. Objection to Declaration of Xiomara Thorburn. Filed Concurrently Herewith. | 91. There is no genuine dispute that Auctane shipment data for Ejuicesteals shows 671 shipments to California |

Plaintiff The People of The State of California's Reply in Support of Statement of Undisputed Facts in Support of Motion for Summary Judgment. J. (1:23-CV-01726-KES-CDB)

| | | |
|---|---|---|
| addressed from 17911 Skypark Circle, Irvine, CA 92614 during the period April 11, 2019 through August 28, 2019. Thorburn Decl. ¶17, Thorburn Decl. Ex. 4. | | customers using USPS addressed from 17911 Skypark Circle, Irvine, CA 92614 during the period April 11, 2019 through August 28, 2019. Thorburn Decl. ¶17, Thorburn Decl. Ex. 4. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Xiomara Thorburn should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 92. None of the shipments to California customers using USPS addressed from 17911 Skypark Circle, Irvine, CA 92614 included "Adult Signature" delivery confirmation. Thorburn Decl. ¶18, Thorburn Decl. Ex. 4. All shipments from 17911 Skypark Circle, Irvine, CA 92614 included "eDelivery Conf". *Id*. | DISPUTED. Objection to Declaration of Xiomara Thorburn. Filed Concurrently Herewith. | 92. There is no genuine dispute that none of the shipments to California customers using USPS addressed from 17911 Skypark Circle, Irvine, CA 92614 included "Adult Signature" delivery confirmation. Thorburn Decl. ¶18, Thorburn Decl. Ex. 4. All shipments from 17911 Skypark Circle, Irvine, CA 92614 included "eDelivery Conf". *Id*. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Xiomara |

| | | Thorburn should be overruled. *See* Pl. Resp. to Defs.' Obj. |
|---|---|---|
| 93. Auctane package shipment data for Ejuicesteals shows 962 shipments to California customers using USPS addressed from 51 Peters Canyon Road, Irvine, CA 92606 during the period August 26, 2019, through February 25, 2020. Thorburn Decl. ¶19, Thorburn Decl. Ex. 5. | DISPUTED. Objection to Declaration of Xiomara Thorburn. Filed Concurrently Herewith. | 93. There is no genuine dispute that Auctane package shipment data for Ejuicesteals shows 962 shipments to California customers using USPS addressed from 51 Peters Canyon Road, Irvine, CA 92606 during the period August 26, 2019, through February 25, 2020. Thorburn Decl. ¶19, Thorburn Decl. Ex. 5. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Xiomara Thorburn should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 94. None of the shipments to California customers using USPS addressed from 51 Peters Canyon Road, Irvine, CA 92606 included "Adult Signature" delivery confirmation. Thorburn Decl. ¶20, Thorburn Decl. Ex. 5. All shipments from 51 Peters Canyon Road, Irvine, CA | DISPUTED. Objection to Declaration of Xiomara Thorburn. Filed Concurrently Herewith. | 94. There is no genuine dispute that none of the shipments to California customers using USPS addressed from 51 Peters Canyon Road, Irvine, CA 92606 included "Adult Signature" delivery confirmation. Thorburn Decl. ¶20, Thorburn Decl. Ex. 5. All shipments from 51 Peters |

| | | |
|---|---|---|
| 92606 included "eDelivery Conf". *Id*. | | Canyon Road, Irvine, CA 92606 included "eDelivery Conf". *Id*. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Xiomara Thorburn should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 95. Auctane package shipment data for Ejuicesteals shows 296 shipments to California customers using USPS addressed from 2841 Unicorn Rd, STE 102, Bakersfield, CA 93308, during the period September 6, 2021 through January 28, 2022. Thorburn Decl. ¶22, Thorburn Decl. Ex. 6. | DISPUTED.<br>Objection to Declaration of Xiomara Thorburn. Filed Concurrently Herewith. | 95. There is no genuine dispute that Auctane package shipment data for Ejuicesteals shows 296 shipments to California customers using USPS addressed from 2841 Unicorn Rd, STE 102, Bakersfield, CA 93308, during the period September 6, 2021 through January 28, 2022. Thorburn Decl. ¶22, Thorburn Decl. Ex. 6. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Xiomara Thorburn should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 96. None of the shipments to California customers using | DISPUTED. | 96. There is no genuine dispute that none of the shipments to |

46

| | | |
|---|---|---|
| USPS addressed from 2841 Unicorn Rd, STE 102, Bakersfield, CA 93308, included "Adult Signature" delivery confirmation. Thorburn Decl. ¶23, Thorburn Decl. Ex. 6. Auctane shipment data for Ejuicesteals shows 218 shipments to California customers from 2841 Unicorn Rd, STE 102, Bakersfield, CA 93308, included "eDelivery Conf" and 86 shipments included "eSignature Conf". *Id*. | Objection to Declaration of Xiomara Thorburn. Filed Concurrently Herewith. | California customers using USPS addressed from 2841 Unicorn Rd, STE 102, Bakersfield, CA 93308, included "Adult Signature" delivery confirmation. Thorburn Decl. ¶23, Thorburn Decl. Ex. 6. Auctane shipment data for Ejuicesteals shows 218 shipments to California customers from 2841 Unicorn Rd, STE 102, Bakersfield, CA 93308, included "eDelivery Conf" and 86 shipments included "eSignature Conf". *Id*. Defendants do not provide any evidence that disputes this fact. Further, Defendants' Objection to Declaration of Xiomara Thorburn should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 97. Auctane package shipment data for Ejuicesteals shows 3,635 shipments to California customers using USPS addressed from 10010 Rosedale Hwy, Unit 3, Bakersfield, CA 93312, during the period January 29, 2022, through April | DISPUTED. Objection to Declaration of Xiomara Thorburn. Filed Concurrently Herewith. | There is no genuine dispute that Auctane package shipment data for Ejuicesteals shows 3,635 shipments to California customers using USPS addressed from 10010 Rosedale Hwy, Unit 3, Bakersfield, CA 93312, during |

| | | |
|---|---|---|
| 22, 2024. Thorburn Decl. ¶24, Thorburn Decl. Ex. 7. | | the period January 29, 2022, through April 22, 2024. Thorburn Decl. ¶24, Thorburn Decl. Ex. 7. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Xiomara Thorburn should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 98. Auctane package shipment data shows only 58 of the 3,635 shipments to California customers from 10010 Rosedale Hwy, Unit 3, Bakersfield, CA 93312, included "Adult Sig Required" delivery confirmation. Thorburn Decl. ¶25, Thorburn Decl. Ex. 7.1. | DISPUTED.<br>Objection to Declaration of Xiomara Thorburn. Filed Concurrently Herewith. | 98. There is no genuine dispute that Auctane package shipment data shows only 58 of the 3,635 shipments to California customers from 10010 Rosedale Hwy, Unit 3, Bakersfield, CA 93312, included "Adult Sig Required" delivery confirmation. Thorburn Decl. ¶25, Thorburn Decl. Ex. 7.1. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Xiomara Thorburn should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 99. Auctane package shipment data shows 3,577 shipments to | DISPUTED. | 99. There is no genuine dispute that Auctane package shipment |

48

| | | |
|---|---|---|
| California customers from 10010 Rosedale Hwy, Unit 3, Bakersfield, CA 93312, included "eDelivery Conf" confirmation. Thorburn Decl. ¶25, Thorburn Decl. Ex. 7.2. | Objection to Declaration of Xiomara Thorburn. Filed Concurrently Herewith. | data shows 3,577 shipments to California customers from 10010 Rosedale Hwy, Unit 3, Bakersfield, CA 93312, included "eDelivery Conf" confirmation. Thorburn Decl. ¶25, Thorburn Decl. Ex. 7.2. Defendants do not provide any evidence that disputes this fact. Further, Defendants' Objection to Declaration of Xiomara Thorburn should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 100. Ejuicesteals produced package shipment data showing 3,801 shipments from Ejuicesteals to California customers using USPS during the period November 8, 2021, though December 30, 2023. Thorburn Decl. ¶3, Thorburn Decl. Ex. 1. | DISPUTED. Objection to Declaration of Xiomara Thorburn. Filed Concurrently Herewith. | There is no genuine dispute that Ejuicesteals produced package shipment data showing 3,801 shipments from Ejuicesteals to California customers using USPS during the period November 8, 2021, though December 30, 2023. Thorburn Decl. ¶3, Thorburn Decl. Ex. 1. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Xiomara Thorburn should be overruled. *See* Pl. Resp. to Defs.' Obj. |

49

| | | |
|---|---|---|
| 101. Ejuicesteals package shipment data shows that only 56 of the 3,801 shipments to California customers using USPS included "Adult Signature" confirmation during the period January 29, 2022, through April 22, 2024. 1 Thorburn Decl. ¶4, Thorburn Decl. Ex. 2. | DISPUTED. Objection to Declaration of Xiomara Thorburn. Filed Concurrently Herewith. | 101. There is no genuine dispute that Ejuicesteals package shipment data shows that only 56 of the 3,801 shipments to California customers using USPS included "Adult Signature" confirmation during the period January 29, 2022, through April 22, 2024. 1 Thorburn Decl. ¶4, Thorburn Decl. Ex. 2. Defendants do not provide any evidence that disputes this fact. Further, Defendants' Objection to Declaration of Xiomara Thorburn should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 102. Ejuicesteals' average cost per USPS shipment with the "Adult Signature" confirmation was $18.77 per shipment. Thorburn Decl. ¶6, Thorburn Decl. Ex. 2. | DISPUTED. Objection to Declaration of Xiomara Thorburn. Filed Concurrently Herewith. | 102. There is no genuine dispute that Ejuicesteals' average cost per USPS shipment with the "Adult Signature" confirmation was $18.77 per shipment. Thorburn Decl. ¶6, Thorburn Decl. Ex. 2. Defendants do not provide any evidence that disputes this fact. Further, this fact is not material to Plaintiff's claims. |

Plaintiff The People of The State of California's Reply in Support of Statement of Undisputed Facts in Support of Motion for Summary Judgment. J. (1:23-CV-01726-KES-CDB)

| | | Further, Defendants' Objection to Declaration of Xiomara Thorburn should be overruled. *See* Pl. Resp. to Defs.' Obj. |
|---|---|---|
| 103. Ejuicesteals package shipment data shows 3,745 shipments to California customers using USPS included "Delivery" confirmation during the period November 8, 2021, through December 30, 2023. 2. Thorburn Decl. ¶7, Thorburn Decl. Ex. 3. | DISPUTED. Objection to Declaration of Xiomara Thorburn. Filed Concurrently Herewith. | 103. There is no genuine dispute that Ejuicesteals package shipment data shows 3,745 shipments to California customers using USPS included "Delivery" confirmation during the period November 8, 2021, through December 30, 2023. 2. Thorburn Decl. ¶7, Thorburn Decl. Ex. 3. Defendants do not provide any evidence that disputes this fact. Further, Defendants' Objection to Declaration of Xiomara Thorburn should be overruled. *See* Pl. Resp. to Defs.' Obj. |
| 104. Ejuicesteals' average cost per USPS shipment with the "Delivery" confirmation was $8.04 per shipment. Thorburn Decl. ¶9, Thorburn Decl. Ex. 3. | DISPUTED. Objection to Declaration of Xiomara Thorburn. Filed Concurrently Herewith. | 104. There is no genuine dispute that Ejuicesteals' average cost per USPS shipment with the "Delivery" confirmation was $8.04 per shipment. Thorburn Decl. ¶9, Thorburn Decl. Ex. 3. Defendants do not provide any evidence that disputes this fact. |

Plaintiff The People of The State of California's Reply in Support of Statement of Undisputed Facts in Support of Motion for Summary Judgment. J. (1:23-CV-01726-KES-CDB)

| | | Further, Defendants' Objection to Declaration of Xiomara Thorburn should be overruled. *See* Pl. Resp. to Defs.' Obj. |
|---|---|---|
| 105. Ejuicesteals' average cost per USPS shipment with the "Adult Signature" confirmation service was on average $10.73 or 57% higher than the cost for USPS shipments with the "Delivery" confirmation service. Thorburn Decl. ¶10. | DISPUTED.<br>Objection to Declaration of Xiomara Thorburn. Filed Concurrently Herewith. | 105. There is no genuine dispute that Ejuicesteals' average cost per USPS shipment with the "Adult Signature" confirmation service was on average $10.73 or 57% higher than the cost for USPS shipments with the "Delivery" confirmation service. Thorburn Decl. ¶10. Defendants do not provide any evidence that disputes this fact.<br><br>Further, Defendants' Objection to Declaration of Xiomara Thorburn should be overruled. *See* Pl. Resp. to Defs.' Obj. |

Dated:  October 20, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
NATALIE S. TORRES
Supervising Deputy Attorney General


***/s/ Lesya N. Kinnamon***

LESYA N. KINNAMON
DAVID C. GOODWIN
Deputy Attorneys General
*Attorneys for Plaintiff State of California*

SA2023306126
95663110

52